Kurtz v. Dunn.

## KURTZ v. DUNN.

1. LANDLORD'S LIEN: *Affidavit for attachment.*
   The affidavit in a justice of the peace's court, for an attachment to enforce the landlord's lien upon the crop, containing a statement of the cause of action, answers the purpose of both a complaint and affidavit; and the plaintiff's right to the attachment is not impaired by his including in the affidavit a demand for which he has no lien on the crop.

2. LANDLORD'S ATTACHMENT: *Right to, not affected by manner of service.*
   A landlord's right to attachment is not affected by the manner in which the order of attachment is executed by the officer. If wrongly executed the order may be quashed; or if the service be defective it may be amended to conform to the facts.

3. DAMAGES: *Upon dissolution of attachment.*
   There should be no assessment of damages upon the discharge of an attachment, before the trial, or final disposition of the case.

4. APPEAL FROM COURT OF COMMON PLEAS: *Trial in circuit court de novo.*
   Upon appeal from the court of common pleas to the circuit court the cause should be tried *de novo.*

APPEAL from *Conway* Circuit Court.

Hon. W. D. JACOWAY, Circuit Judge.

REPORTER'S STATEMENT.

Kurtz filed before a justice of the peace in Conway county, his affidavit in the usual form, for an attachment against the crop of Dunn, his tenant, to enforce his lien upon it for $200 for rent of the land on which it was raised, asserting his debt and lien, and as cause for attachment, the removal of part of the crop from the premises by Dunn, without his consent and without paying the rent; and then adding in it a claim for twenty dollars for supplies furnished Dunn to make the crop; making in all the sum of $220, for which he prayed an attachment against the crop. The order of attachment was issued by the justice, and was returned by the constable that he had "executed it by taking into possession the property ordered to be attached."

Upon application of Dunn the cause was transferred to the court of common pleas of that county, and there, he filed his motion to quash the attachment; first, because no complaint was filed at the commencement of the action; second, because the affidavit sets up an account in addition to the claim and lien as landlord; and third, because the action of the officer does not show a levy of the writ in the manner prescribed by law.

The court sustained the motion and quashed the attachment; and upon the avidence adduced assessed the defendant's damages, by reason of the wrongtul issuing of the writ of attachment, at the sum of $101; for which, and the cost of the suit, it rendered judgment against the plaintiff, and he appealed to the circuit court; and there, upon motion of the defendant, the judgment of the court of common pleas was affirmed and judgment was rendered against the plaintiff and his sureties in the appeal bond, for the sum of $101 damages, and cost, and he appealed to this court.

*Clark & Williams*, for appellant:

No complaint necessary. *Tignor v. Bradley*, 32 *Ark.*, 781. Nor additional pleadings in court of common pleas. *Sec.* 22, *act Dec.* 14, 1875.

The affidavit sufficient if it shows a right.

In appeals from common pleas no time is fixed for filing the transcript.

*John Fletcher*, for appellee:

No bill of exceptions. It was in the power of the circuit court to affirm, and presumption is in favor of its ruling. 31 *Ark.*, 268 ; *ib.*, 550 ; 32 *ib.*, 292.

Writ could only be served by a constable or some one deputed by the justice. *Gantt's Digest, sec.* 3721.

HARRISON, J. The affidavit for the attachment containing a statement of the cause of action answered the purpose of both. *Tignor v. Bradley, 32 Ark., 781.*

It shows sufficient grounds for the attachment, *sec. 4107, Gantt's Digest.*

The plaintiff's right to it to secure and enforce his lien for rent was not affected or impaired by his including in his suit a demand for which he had no lien on the crops.

The property attached could have been condemned only for the satisfaction of the rent.

And the right to the attachment was not affected by the manner in which the order of attachment was executed by the officer. If the execution of it was not required by the statute, it might have been quashed; or if the return was defective it might have been amended according to the facts; but in either case was no cause for discharging the attachment.

The attachment was therefore improperly discharged.

There should not be, as we held in *Holliday Bros. v. Cohen, 34 Ark.*, *707*, upon the discharge of an attachment, an assessment of damages before the trial in, or final disposition of the case.

And upon appeal from the court of common pleas to the circuit court, the case is to be tried *de novo*. See section 18, act of December 14, 1875, establishing court of common pleas in Conway and other counties. Had, therefore, the attachment been properly discharged, and the judgment against the plaintiff and his sureties not prematurely rendered, and the whole case was before the circuit court, it had no authority to *affirm* the judgment of the court of common pleas but should, upon the trial of the case, or after it had otherwise been determined, have assessed the damages *de novo*.

The judgment of the circuit court is therefore reversed, and the case remanded to it with instructions to reinstate the attachment, and to set aside the judgment of the court of common pleas against the plaintiff, and the assessment of damages, and for further proceedings according to law.