LITTLE ROCK & HOT SPRINGS WESTERN RAILROAD COMPANY *v.* CASTLE.

Opinion delivered March 25, 1905.

1. COMMON PLEAS COURT—PRACTICE ON APPEALS.—As the trial of a cause on appeal to the circuit court from the court of common pleas is *de novo*, the proper practice on such appeal is not to affirm or reverse the cause, but to try the whole case as if brought in the circuit court in the first instance, only keeping out new causes of action, counterclaims and set-offs. (Page 541.)

2. SAME—APPEAL FROM JUDGMENT BY DEFAULT.—Where suit was brought in the common pleas court, and judgment was taken by default, it was error, on appeal to the circuit court, to refuse to permit defendant to file an answer. (Page 542.)

Appeal from Garland Circuit Court.

ALEXANDER M. DUFFIE, Judge.

Reversed.

*E. B. Peirce* and *B. S. Johnson,* for appellants.

It was error to strike the separate answers from the files and to refuse to permit appellants to introduce evidence in the case.    Kirby's Dig. § 1314; 33 Ark. 515; 34 Ark. 244; 56 Ark. 78; 61 Ark. 515.

*R. G. Davies,* for appellee.

Evidence must correspond to the allegations, and be confined to the point in issue. 1 Greenleaf, Ev. § 51; Kirby's Dig. § 6137. Allegations of value or amount are not considered as true by failure to controvert them.    42 Ark. 485; 41 Ark. 17; 46 Ark. 132; 12 Ark. 599; 18 Ark. 188; 26 Ark. 398.    There is no cause

to complain of a judgment by default. 9 Ark. 354; 19 Ark. 239; 21 Ark. 329; 23 Ark. 646; 114 U. S. 104; 6 Pl. & Pr. 111; 18 Ark. 194; 28 Fed. 505; 47 Ind. 534; 61 Ark. 292; 64 Ark. 487; 68 Ark. 566; 39 Ark. 348; 54 Ark. 539; 37 Ark. 480; 27 Ark. 538; 63 Ark. 323.

Hill, C. J. The appellee sued the Little Rock & Hot Springs Western Railroad Company and the Choctaw, Oklahoma & Gulf Railroad Company, claiming that they were operating a line of railroad in Garland County, and negligently killed his horse, and failed to post notice of the killing of the horse at the nearest station, and prayed judgment for the value of the horse and double damages for failure to comply with the statute requiring the posting of notices of stock killed. The defendants proceeded separately in the various steps taken, but as the same course was pursued by each, for brevity, this opinion will deal with the questions in the singular. The suit was brought in the common pleas court of Garland County. This court was established by the act of December 14, 1875, the fourth section of which was amended March 31, 1883, and in substance provided: That the rules of practice in the circuit courts should prevail as to the pleadings and other matters enumerated, except that defenses to actions brought more than ten days before the term shall be filed on or before the first day of the term, but the time for filing defenses may be extended in the sound discretion of the court. It further provides that defaults may be taken on the second day, or any day thereafter. In this case no answer was filed in the common pleas court, and judgment by default was taken. Subsequently, during the same term and in the manner prescribed in the act of 1875, the defendant took an appeal which was granted by the court. Section 18 of said act of 1875 provides for transmitting the papers and record to the circuit court, and continues: "Whereupon the circuit court shall proceed to try the cause *de novo*. Provided, that no new or additional cause of action, nor any new or additional set-off or counterclaim shall be filed in the circuit court." The Garland Circuit Court is governed by a special practice act prescribing the time when answers shall be filed, and answers are required to be filed on the first day when service has been had in Garland or

any adjoining county more than ten days prior thereto. Act February 11, 1897, p. 22.

Section 19 of the act of 1875 provides that when the transcript and papers are filed in the circuit court more than ten days before the commencement of the term, the case shall stand for trial at that term unless continued for cause. The transcript in this case was filed in circuit court October 6, 1902. The first day of the next term was October 13, 1902. On the second day of the term the plaintiff moved to dismiss the appeal because no application was made in the common pleas court to set aside the judgment, and that the default judgment was not appealable. This does not seem to have been acted upon, so far as the record discloses. Two days thereafter plaintiff filed a motion for judgment by default on the ground that no answer was filed in the lower court, and none should be permitted in the circuit court. This seems not to have evoked a ruling. On the same day of the filing of this motion the defendant filed answer (and two days thereafter the other defendant filed answer). Thereafter the plaintiff filed a motion alleging that the defendant made default in the court of common pleas, "and thereby admitted the truth of the allegations of plaintiff's complaint, and cannot now be heard to deny them." This motion was sustained, and the answers stricken from the files. No further proceeding was had at that term. At the June term the defendant moved to have its answer restored to the files. This was granted, and then all that part of the answer except the denial of the damage to plaintiff and denial of double damage by failure to comply with the statute about posting notices of stock killed was stricken out. The court held that the only matter that could be controverted was the value of the animal and the amount of damages and the question as to the posting of notice of stock killed. The view the court took, as indicated by these rulings, was that the default judgment in the common pleas court was not an appealable judgment, other than as to the amount of damages to be assessed under it. The correctness of this view of the case is the question for decision herein. This act was before this court in a case arising in Conway Common Pleas Court (the act embraced several counties) and the court said: "And upon appeal from the court of common pleas to the circuit court the case is to be tried

*de novo.*  See section 18, act of December 14, 1875, establishing court of common pleas in Conway and other counties.  Had, therefore, the attachment been properly discharged, and the judgment against the plaintiff and his sureties not [been] prematurely rendered, and the whole case was [been] before the circuit court, it [would have] had no authority to affirm the judgment of the court of common pleas, but should, upon the trial of the case, or after it had otherwise been determined, have assessed the damages *de novo.*"  *Kurtz* v. *Dunn,* 36 Ark. 648.

This decision indicates the error of the circuit court here; it should not *affirm* or *reverse* a case from the common pleas court, but try the whole case as if brought in the circuit court in the first instance, only keeping out new causes of action, counterclaims and set-offs.

Written pleadings must be filed in the common pleas court, similar to the practice in the circuit court, and a failure to file answer within the required time visits the penalty of a judgment against the defendant.  This judgment is just as effective as if issue had been taken, and the case tried on the merits.  In the latter instance, unquestionably, the trial anew in the circuit court disregards all proceedings theretofore had in the common pleas court, and why should a judgment by default be upon a different basis?  The statute has made no distinction, and the courts should not work out one.

The object of the suit in the common pleas court is to obtain a judgment upon which execution may issue, in order to thereby gather the fruit of the litigation.  If no answer is filed, the plaintiff gets the judgment without the expense of a trial.  If answer is filed, and the plaintiff succeeds, he is then in possession of exactly what he would have obtained had he not been compelled to go through a trial.  The law gives an appeal from the judgments of these courts, and a trial *de novo* in the circuit court, and it does not classify the judgments which are appealable.  The appellee contends that, before a default judgment is appealable, there must be a motion to set aside the judgment; and if this is not done, then the only thing for the circuit court to do is "to see whether the proceedings were regular and affirm the judgment if summons had been served, and the complaint

showed a cause of action." If the circuit court tried the case for errors in the lower court, this would be correct; but it does not. It must try it *de novo,* as if brought in circuit court in the first instance. When the case reached the circuit court on appeal, then the rules of practice requiring answer to be filed or default taken were applicable; and in this case, had there been a default in filing written answer in the circuit court on the proper day, the court could well have stricken a belated answer from the file, and entered default, and proceeded to assess the damages. That is a matter in the discretion of the court, and in this instance was exercised in favor of the defendant, who was permitted to file answer after the first day (as stated, the case was not regularly for trial at this term, although both sides seem to have so treated it); but later the court caused the defensive matter to be stricken out on the mistaken theory that the judgment by default in the common pleas court concluded everything except the assessment of damages. The judgment is reversed, and the cause remanded, with directions to permit a trial on the issues presented in the answers.

Wood and McCulloch, JJ., dissent.

McCulloch, J. The statute governing the practice in the common pleas court is as follows:

"That the rules of practice which govern in the circuit court shall be the rule of practice in these courts, and any pleadings, process, service, record or other proceedings which is now or may be required in the circuit court shall be required and deemed sufficient in these courts, unless herein otherwise expressly provided, excepting, however, that all defenses to actions brought in such courts shall be filed on or before the first (1st) day of the term, when summons has been served ten (10) days before the term; but the term for filing defenses may be extended in the sound discretion of the court, and in all actions when answers are not filed on or before the first day of the term, the court may on the second day of the term, or any day thereafter, render judgment by default; provided, the court may, for good cause shown, allow further time for filing a defense."

Neither of the defendants filed an answer in that court, but appealed from a judgment by default rendered after the expiration of the time prescribed by law for filing answer. Neither of them, either in the common pleas court or circuit court, asked for further time within which to answer, or offered to show "good cause" why the court should "allow further time for filing defense." They simply filed answer in the circuit court on appeal claiming it as a matter of right. It seems quite clear to me that under the statute they had no such right.

The defendant in a suit in the common pleas court must file his answer on the first day of the term, unless the court, "for good cause shown, allows further time for filing a defense." He cannot after that time, and without showing good cause for the extension, file his answer as a matter of right. On appeal to the circuit court, the same rule of practice controls. That is to say, if the defendant has failed to answer within time in the common pleas court, he can only be permitted to do so "for good cause shown" in the sound discretion of the court. In other words, the circuit court, on appeal, has the same power to allow an extension of time upon a showing of good cause for the delay and failure to file its answer within the time prescribed by law.

The statute, it is true, provides that, on appeal from the common pleas court, the circuit court shall proceed to try the case *de novo,* but this does not change the rules for pleadings required in the inferior court. The case stands for trial on the same pleadings as required in the inferior court; and if no written pleadings are required in the inferior court, none are required in the circuit court. The circuit court does not require any more or less in the way of pleadings, but tries the case *de novo* upon the pleadings made up in the inferior court. Of course, this implies the power of the circuit court in its discretion to extend the time for filing a plea, or to allow a plea already filed to be amended, the same as the inferior court. But it does not follow, because the statute provides for a trial *de novo,* that the rules of pleadings prescribed for the inferior court shall be set aside and pleadings anew, as of right, allowed as if it was a new suit commenced in the circuit court.

The discretion lodged in the court by statute to allow an extension of time for filing answer is a judicial discretion, and not an arbitrary one; but the appellants in this case cannot complain at the action of the circuit court in striking their answers from the file where they did not show, nor offer to show, any good cause for an extension of time. We cannot say that the lower court abused its discretion in refusing to allow them to file an answer out of time, when they failed to show any cause for it at all. I think the judgment should be affirmed.

WOOD, J., concurs.