CALDWELL v. MISSOURI PACIFIC RAILWAY COMPANY.

Opinion delivered February 3, 1919.

1. MASTER AND SERVANT—NON-PAYMENT OF WAGES—PENALTY.—The statute imposing a penalty upon a corporation or company for failing to pay wages due does not cover the case of one who voluntarily quits his employment.

2. SAME—FAILURE TO PAY WAGES—INSTRUCTION.—In an action by a servant to recover a penalty for failure to pay wages, where defendant's evidence was to the effect that plaintiff's employment was transitory and that different wages were paid at different places, which was known to plaintiff, an instruction that a refusal to employ plaintiff at the same wages he had been getting at one place when he was ordered to another place was tantamount to a discharge was properly refused.

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk,* Judge; affirmed.

*Bratton & Bratton,* for appellant.

The verdict is contrary to the evidence and the law and the court erred in giving and refusing instructions. Improper evidence was also admitted as to plaintiff's offer of employment. Kirby & Castle's Digest, § 5464. Plaintiff was entitled to recover his wages and the penalty. *Ib.* 92 Ark. 425.

*E. B. Kinsworthy* and *R. E. Wiley,* for appellee.

92 Ark. 425 is not applicable. The facts are entirely different. Taking the instructions all together they correctly state the law.

No penalty should have been allowed after October 23, 1918. Plaintiff's check for his wages was promptly mailed to him but he failed to call for it and a tender was duly made to him of all that was due him. 92 Ark. 425; 96 *Id.* 634. An honest mistake was made which was

promptly corrected. No objection was made by plaintiff on account of the amount of the tender, but it was refused for other reasons. 125 Ark. 355.

SMITH, J. Appellant brought this suit to recover judgment for a sum due him as wages and for a penalty against the railway company for failure to pay these wages. He recovered judgment for the wages claimed but failed to recover any sum by way of penalty, although his testimony would have supported a recovery on that account.

On behalf of appellee—the railway company—appellee's foreman testified that appellant had worked with him at different times for several years as a member of the steam shovel crew. This witness denied that he had discharged appellant and stated that the job was open to appellant at any time he was willing to return to work. The witness explained that the crew did not work regularly at one place but that they went from place to place, and when working out of Little Rock were supplied with boarding cars in which the crew lived. That while working at Little Rock the wages were thirty cents per hour for a day of ten hours and that any work in excess of ten hours or work done on Sunday was paid for at the rate of forty-five cents per hour. These prices for labor were fixed in Little Rock because of the competition for labor with Camp Pike, located near Little Rock, but that away from Little Rock, while the men were living in the boarding cars, the wages were twenty cents per hour with ten cents per hour additional for overtime or Sunday work.

This foreman advised his crew that the job at Little Rock was done and that they were billed to go to Curtis, another station on the railroad, and he invited the whole crew to go with him, as they constituted a good crew, and labor at the time was very scarce. That instead of being sent to Curtis their orders were changed and the crew was sent to the Womble branch of the railroad, and that he would have been glad to have taken appellant along, as he was a skilled workman, and he would have given him the same work he had done for years, and that

he would have paid appellant the wages customarily paid out of Little Rock; that more overtime could be earned out of Little Rock and that this overtime, with the use of the camp cars, made the wages out of Little Rock nearly equal to those paid in Little Rock.

At the request of appellee the court instructed the jury that if the plaintiff "quit the service of the defendant your verdict will be for the plaintiff for $22.10," this being the amount claimed on account of the wages. And refused to give, at appellant's request, instructions numbered 3 and 4, which read as follows:

"No. 3.    You are instructed that if you find from the evidence that defendant contracted with plaintiff to employ him at the wage of thirty cents per hour, that a refusal to employ at such wage is tantamount to discharge."

"No. 4.    You are instructed that if defendant did offer plaintiff work at Curtis, Arkansas, or on the Womble branch, such offer would be no defense to avoid the penalty."

Other questions are raised which need not be considered if no error was committed in giving and refusing the instructions set out above.

The instruction given at the request of appellee is a correct declaration of the law, because the statute is a penal one and its penalty is imposed only in favor of those who come within its strict letter. The statute imposes this penalty where a corporation or company "shall discharge, with or without cause, or refuse to further employ, any servant or employee." This language does not cover the case of one who voluntarily quits his employment.

Appellant earnestly insists, however, that error was committed in the refusal to give the instructions requested by him set out above, the contention being that these instructions declare the law as announced by this court in the case of *St. Louis, Iron Mountain & Sou. Ry. Co. v. Bryant,* 92 Ark. 425. In that case this court said:

"The employee by earning his wages under the contract of employment shows that he was competent and able to perform the duties of the employment in which the wages were earned; and therefore we are of the opinion that the 'further employment' meant by the statute is employment of the same class and kind and in the same locality in which his wages were earned under the contract of employment. Otherwise, the railroad company might offer to the servant employment, the duties of which he might be incompetent to perform, or at a point so remote or inconvenient to the servant that he could not reasonably accept it; and thus the railroad company could escape the penalty named in this statute."

But the statement of the law there contained must be read in the light of the facts there recited. The facts in the instant case are entirely different, and the requested instructions would have ignored the defenses which the testimony in behalf of the railway company here tended to establish. It was not even contended here that appellant might have been given a different employment or one he could not discharge, for this testimony is that he would have been continued in the same service in which he had been employed for a number of years. The testimony in behalf of the railway company was also to the effect that the employment was not stationary, but was transitory, the character of the work performed by the crew making this necessary, and the crew's equipment made that fact apparent. Besides, this was well known to appellant from his past services with the crew.

It is not denied that appellee would not have paid appellant thirty cents per hour after leaving Little Rock. But, according to the contention of appellee, this was not a refusal to further employ. The railway company was under no duty to keep this crew at Little Rock after its duties there had been discharged, and, having left Little Rock, the company was under no duty to pay a wage it had not agreed to pay except at Little Rock and which it paid in Little Rock only because of the competition with Camp Pike, where there was at the time a great de-

mand for labor.   Appellee had the right to meet competition for labor by paying the same price paid by its competitor at the point of competition, without being required to pay the same price at all other places; and this, according to the testimony in appellee's behalf, was its policy when appellant last became a member of its steam shovel crew at Little Rock.   The court, therefore, properly refused instructions which ignored these defenses, and the judgment is affirmed.