CYPRESS TANK COMPANY, INC., *v*. WEEKS.

Opinion delivered May 18, 1931.

*Walter L. Goodwin,* for appellant.

*J. B. Milham,* for appellee.

BUTLER, J. This suit was brought in the justice court by the appellee to recover wages alleged to be due and a penalty for the nonpayment thereof under § 7125, Crawford & Moses' Digest. This statute is applicable under the last clause to all companies and corporations doing business in this State and to all servants and employees thereof who shall be discharged or refused further employment and who shall request or demand the payment of any wages due. The statute provides that, if payment be not made within seven days from such discharge or refusal to longer employ, the employee may recover the unpaid wages and, as a penalty, an amount equal to the wage per day for each day during the continuance of the refusal to further employ or pay.

Weeks was a carpenter and had been in the employ from time to time of the appellant company engaged in the erection and repair of its tanks. On the morning of the 14th of February, 1930, appellant, through its man-

ager at El Dorado, employed the appellee at $6 per day to work on a tank at a point in Louisiana about seven or eight hours distant from El Dorado by regular motor travel. It was necessary to secure others to help in the work, and a delay was thereby occasioned, so that appellee was not able to leave El Dorado until about six o'clock on the evening of the day he was employed. He left in a car procured by Roach, the manager of appellant at El Dorado, and in company with two others who were also to engage in the work for which appellee was employed. On reaching the point of destination on the following day, they were informed by the appellant's agent at that place that they would not be needed, and thereupon returned by way of Shreveport to El Dorado, reaching there some time on the evening of the 16th. The appellee was put to work the next day on one of appellant's tanks in what was called the Urbana field. He was given no other employment, and a disagreement then arose as to the amount due for his previous employment beginning on February 14, and from this difference this suit resulted.

There were only two witnesses who testified in the trial of the case in the justice court and on appeal to the circuit court, the appellee testifying for himself and Roach on the part of the appellant. In the justice court there was a judgment for the appellee for $10 without a penalty, and on appeal to the circuit court there was a judgment for $10 balance wages due, and $114 penalty. By appeal to this court that verdict and judgment is sought to be reversed.

Weeks claimed that because of his employment on the 14th, and his trip to Louisiana in accordance with such employment, the time consumed in returning to El Dorado, and for the one day's work he actually performed on the 17th, he was entitled to pay at $6 per day, contract price, for the 14th, 15th, 16th and 17th of February, and made demand on or about the 19th of February for his wages as claimed. He had been paid $14. The appellant at first allowed him only one day's

pay for his trip and return from Louisiana and one day's work on the 17th and claimed a balance of $2 due it on account of the $14 that had been advanced to appellee. After other demands had been made by Weeks and some correspondence had been between him and the appellant, it finally agreed to allow him one day more and on the 8th of March tendered him a check for $4 as settlement in full for his claim. This was rejected by Weeks, and he brought this suit.

The sole question presented for our determination is as to the amount due Weeks on the 19th day of February at the time he demanded settlement. At that time the company was contending that Weeks was only entitled to one day's pay for his trip to Louisiana, and that, with the work on the 17th, he had still been overpaid the sum of $2. Appellant failed and refused for more than seven days after demand to pay appellee for his time, but on the 8th of March tendered the check for $4. Weeks testified that the car furnished by the appellant was not working properly, and that on account of the condition of the roads they were from six o'clock on the evening of the 14th until seven o'clock on the morning of the 15th in reaching their destination, and that upon their arrival they went to the place appointed to report for work, but were unable to find the agent of appellant there and did not find him until 1:30 in the afternoon; that they were then informed that there was no work for them; that, because of their being up all night, they were not able to get further on their return trip than Shreveport where they stayed all night; and that it required until the evening of the 16th to complete the return trip to El Dorado. Because of this Weeks claimed that he was entitled to three days' full pay and with the day made on the 17th that he was entitled to $24. Roach testified that he refused to continue the appellee in the work he was engaged in on the 17th because he had only employed him from day to day, and that his services were no longer needed after the 17th. The jury by its verdict found that the appellee was entitled to four days'

full time, and in the circumstances above narrated as disclosed by the evidence is found substantial testimony to support the verdict.

From the 17th of February to the 8th of March inclusive, the day on which the tender was made, totals nineteen days, which, at $6 per day, would be $114, that being the amount awarded by the jury as a penalty. March 8 was the day the first offer to pay the balance of the wages and therefore, under any view of the case, if the statute applies, the amount found by the jury is correct. This statute was interpreted in the case of *St. L. I. M. & S. Ry. Co.* v. *Bryant,* 92 Ark. 429, 122 S. W. 996, and the construction there placed upon it makes it applicable to the instant case, for we there said: "The plain object and purpose of this statute is to secure for the employee the prompt payment of wages due." It is the contention of the appellant that, because of the dispute as to the amount of wages actually due, the penalty statute has no application. Doubtless cases may arise in which there might be a difference of opinion between the employer and employee as to the amount due when a recovery of a penalty would not be justified where an employee fails to call special attention to the items demanded or to make demand therefor. But in this case the information was equally available to both parties, and specific demand was made for the days claimed. Therefore, this case does not come within the rule announced in *Hall* v. *C., R. I. & P. Ry. Co.,* 96 Ark. 634, 132 S. W. 911.

It is insisted by the appellee that the undisputed evidence shows that at no time was there a tender of the amount found to be due until the date of the trial in the justice court on April 4, 1930, and to that time the amount of penalty due would have been $264. Appellee further insists that the recitals in the docket entries made by the justice of the peace refute the claim made that $10 was tendered in the justice court; that in fact no tender was made until the trial in the circuit court when the accrued penalty amounted to the sum of $1,308,

and that he should have judgment here for said sum plus the amount of wages due. This contention cannot be considered here because the appellee has not appealed from the judgment of the court below.

It is insisted by the appellant that the court erred in its declaration of law. Only a general objection and exception was made, and in that part of the instruction submitted to us we find no inherent error. The case must therefore be affirmed. It is so ordered.