MISSOURI PACIFIC RAILROAD COMPANY *v.* DIFFIE.

Opinion delivered July 13, 1931.

*R. E. Wiley* and *Richard M. Ryan,* for appellant.
*Oscar Barnett,* for appellee.

MEHAFFY, J. This suit was instituted in the justice of the peace court by appellee to recover from the appellant $13.55, wages due him, and penalty for their non-payment. On the day of trial the appellant paid the wages due, and judgment was entered against the appellant for $128.40 penalty.

An appeal was prosecuted to the circuit court, where the case was tried before a jury, which returned a verdict in favor of appellee in the sum of $128.40, and judgment was entered accordingly. The case is here on appeal.

The appellee had worked about a month and a half for the appellant under C. E. Vannest, who was foreman in charge of an extra gang. Appellee worked until the 16th day of May, when, according to his testimony, he was discharged, and he requested the foreman to send his money or check to Malvern. The work was being done at Donaldson. The foreman testified that he did not discharge him.

The evidence was conflicting as to whether appellee was discharged in the manner described by him, and, being in conflict, it was a question of fact for the jury, and the jury's verdict is conclusive.

There was evidence introduced tending to show that the extra gang went to another place to work and offered to give appellee the same kind of work there that he had been doing, but this is denied by the appellee. It is unnecessary to set out the evidence on this question, because, if the foreman discharged him, or refused to further employ him, it is immaterial where they worked. The evidence is also conflicting as to whether he was offered employment at the other place.

The evidence is undisputed that, at the time appellee claims to have been discharged, the appellant did not

pay him his wages that were due. He claimed to have been discharged on the 17th day of May, 1930, and he filed suit on the 14th day of June, 1930. The trial was had in the justice of the peace court on July 30, 1930, and his wages, $13.55, were paid him at that time. Appellant does not dispute that it owed the $13.55.

The suit is based on § 7125 of Crawford & Moses' Digest. This statute reads in part as follows: "When a railroad company or corporation engaged in operating or constructing any railroad * * * shall discharge with or without cause or refuse to further employ any servant or employee thereof, the unpaid wages of any such servant or employee then earned at the contract rate, without abatement or deduction, shall be and become due and payable on the day of such discharge or refusal to further employ. Any such servant or employee may request his foreman or the keeper of his time to have the money due him, or a valid check therefor, sent to any station where a regular agent is kept, and, if the money aforesaid or a valid check therefor does not reach such station within seven days from the day it is so requested, then as penalty for such nonpayment the wages of such servant or employee shall continue from the date of discharge or refusal to further employ at the same rate until paid, provided such wages shall not continue more than 60 days, unless an action therefor shall be commenced within that time."

The evidence shows that appellee requested that his money or check be sent to Malvern. Appellant admits it owed him the money, and does not claim that it sent it to Malvern or anywhere else.

The burden of proof was upon the appellee. He was required to show, by a preponderance of the evidence, that the foreman discharged him, or refused to further employ him; that he requested that his money or check be sent to Malvern; and that it was not sent there within seven days.

All these questions, however, were questions of fact for the jury. The jury passes on the credibility of the witnesses and the weight to be given to their testimony, and their verdict as to the facts is conclusive here, if based on substantial evidence.

Appellant insists that appellee was not discharged; that it did not refuse to further employ him; and that for these reasons the judgment should be reversed. No objection is made to the instructions given by the court except, it is contended, that there was not sufficient evidence to justify the instructions, and that a verdict should have been directed for the appellant.

Appellant contends that, because appellee was working with an extra gang, he knew the work would not last long, and that the statute does not apply. The facts in this case are wholly unlike the facts in the case of *Chicago, R. I. & P. Ry. Co.* v. *Russell,* 173 Ark. 398, 292 S. W. 375. In that case the employment arose out of an emergency, and it was not contemplated that the employment would extend beyond the expiration of the emergency, and in that case he could not have been longer employed because the agreed statement of facts in that case shows that he was employed by the engineer to watch an engine until orders were received for said engine to proceed. He was employed for that specific purpose. He knew his employment would end as soon as the order came for the engine to proceed. He could not have been employed in the same class or kind of employment because, after the order to proceed with the engine, there was no such employment.

In the instant case there was no emergency; he was employed to work with the extra gang some time about the first of April, 1930, and the foreman was still with the extra gang according to his testimony, on the 31st day of January, 1931, and while appellee knew it was an extra gang, he did not know whether the work was permanent or not.

There is no evidence that there was any emergency; there is no evidence that the work of the extra gang was at an end; there was no evidence that it was not permanent.

There was substantial evidence to support the verdict, and the judgment is affirmed.