COMBS *v.* BUNN W. ROBERTSON, INC.

4-6913                                                    166 S. W. 2d 665

Opinion delivered December 21, 1942.

*Bernard P. Whetstone, Jr.,* for appellant.

*Wayne Jewell,* for appellee.

SMITH, J.    This suit was brought by appellant to recover wages alleged to be due him, and a penalty for the nonpayment thereof under § 9111, Pope's Digest.

It is conceded that there was due appellant as wages the sum of $97.79, and a judgment for that amount was rendered in his favor. It does not appear to be questioned that, if entitled to recover a penalty, the amount would be $202.21. The penalty was disallowed, and from that judgment is this appeal.

The cause was tried by consent before the court without a jury upon an agreed statement of facts, the controlling recitals of which are as follows. Bunn W. Robertson, Inc., is a corporation authorized to do business in this State. Floyd C. Combs is an individual, a resident of Union county, Arkansas. Combs was employed in July, 1941, as a mechanic, at a salary of $150 per month, payable every Saturday night, •to work in

El Dorado, Arkansas. Combs worked until September 30, 1941, under this agreement, which was not in writing, and the period of employment was not stipulated nor agreed upon. The remainder of the agreed statement of facts reads as follows:

"From the date of the employment until Combs was forced to abandon the employment on September 30, 1941, his salary was never forthcoming in full, but Combs received irregular amounts at irregular times. At times the defendant owed him more than $122.79, but on September 30, 1941, the defendant owed Combs $122.79. The defendant, by its agent, Bunn W. Robertson, in response to repeated demands by the plaintiff, promised plaintiff that he would pay him some or all of what he owed him at various times, but he consistently failed to keep these promises. As a result, the average amount which the defendant owed the plaintiff continued to increase.

"On September 30, Combs made demands of Bunn W. Robertson personally for his money, and a payment was refused at that time. Combs then told Robertson that he could not work longer if his pay was not going to be forthcoming, and payment was still refused, and he abandoned his job in an effort to obtain other employment from which he could make a livelihood. Combs would have continued to work for the defendant had his wages been forthcoming as promised.

"Combs continued to make diligent and repeated demands of Bunn W. Robertson for his back salary, until in the latter part of November, 1941, Robertson paid him an additional $25, reducing the balance due to $97.79, which amount is still due and owing to the plaintiff by the defendant."

The legislation upon which the suit for the penalty is predicated appears to have had its inception in Act 61 of the Acts of 1889, p. 76, entitled, "An Act to provide for the protection of servants and employes of railroads." The Act appears as § 6243, Sandels & Hill's Digest, and the Digester appended the following note to that section: "This act as originally passed applied to persons as well as corporations, and was held valid as

to corporations and invalid as to natural persons in *Leep v. Ry.*, 58 Ark. 407, 25 S. W. Rep. 75, 23 L. R. A. 264, 41 Am. St. Rep. 109, and all portions applying to natural persons is stricken out.'' The opinion in the Leep case recites the Act as it reads after the unconstitutional portions had been stricken—the Act having been held separable—and the Digester conformed the Act to that opinion.

The Act was amended by Act 155 of the Acts of 1903, p. 272, so as to make receivers of railroad companies, in applicable cases, liable for the penalty, and, as thus amended, appears as § 6649, Kirby's Digest.

This section of Kirby's Digest was amended by Act 210 of the Acts of 1905, p. 537, by the addition of the following proviso: ''Provided further, That this Act shall apply to all companies and corporations doing business in this State, and to all servants and employees thereof, and any such servants or employees who shall hereafter be discharged or refused further employment may request or demand the payment of any wages due, and if not paid within seven days from such discharge or refusal to longer employ, then the penalties hereinbefore provided for railway employees shall attach.''

As thus amended the Act appears as § 7125, Crawford & Moses' Digest, and as § 9111, Pope's Digest. The obvious purpose and effect of the 1905 amendment was to make the provisions relating to penalty apply to all corporations, including railroads.

The case of *Cypress Tank Co.* v. *Weeks*, 183 Ark. 891, 39 S. W. 2d 318, without a review of this legislation, applied it to a corporation not a railway company, and enforced the payment of the penalty against the corporation. The employer corporation here is, therefore, liable for the penalty if, under the agreed statement of facts, the legislation is applicable.

Appellee states the issue here presented for decision as follows: ''It is our contention that the sole issue in the case is whether or not appellant was discharged or that appellee refused to further employ him.''

Now, Combs was not formally discharged, but the corporation did refuse to pay him wages which he had earned and which were due. It occurs to us that there is no more effective way to discharge an employee than to refuse to pay his wages, and there was, therefore, a refusal to further employ when the payment of wages ceased. Certainly, the employee could not be expected to continue working after his pay was stopped and his wages which had been earned and were due had not been paid. Combs' wages were $150 per month, payable every Saturday night. His wages were not then paid, nor were they paid within seven days thereafter, as the statute requires and as demanded by him. It is stipulated that ''Combs would have continued to work for the defendant had his wages been forthcoming as promised.''

Appellee cites the case of *Caldwell* v. *Missouri Pacific Railway Co.*, 137 Ark. 439, 208 S. W. 790, in which case it was held that as the statute was penal and, for that reason, should be strictly construed, one who voluntarily quits his employment may not recover the penalty, and the insistence is that inasmuch as it was here stipulated that appellant had ''abandoned this job,'' he may not recover the penalty. But this stipulation must be read in connection with the entire sentence of which it is a part. When so read, it appears that Combs abandoned his job in an effort to obtain other employment from which he could make a livelihood. What else could he do? Certainly, the employer had no right to expect Combs to continue to work without pay, and the employer's refusal to pay was, in legal effect, a discharge and a refusal to further employ.

The judgment of the court below refusing to impose the statutory penalty must, therefore, be reversed, and as the facts are undisputed judgment will be rendered here for appellant in the sum of $202.21.