MISSOURI PACIFIC RAILROAD COMPANY, THOMPSON, TRUSTEE,
v. CLEMENT.

4-7372                                    181 S. W. 2d 240

Opinion delivered May 29, 1944.

*Thomas B. Pryor* and *Thomas Harper,* for appellant.

*Partain, Agee & Partain,* for appellee.

McHANEY, J.   Appellee brought this action against appellant to recover the sum of $45 due him for wages as a bricklayer for work done laying brick and repairing flues on the appellant's passenger station in Fort Smith, and for the statutory penalty prescribed by § 9111 of Pope's Digest for failure to pay said wages within seven days from the date of his discharge or refusal to further employ, October 18, 1942.   The evidence as to his employment is not in dispute.   According to appellee he was a bricklayer and carpenter and was employed by appellant in September and October, 1942, and worked five or six weeks.   He quit work of his own volition on October 18 to go on a mission of his own and was gone about three days.   When he returned the foreman told him "the work was practically completed and there was no neces-

sity for (his) going back to work." At that time he had worked 30 hours at $1.50 per hour for which appellant owed him $45. He later signed some papers, at the suggestion of his foreman, but did not remember what the contents of the papers were. He directed that his check be sent to him at Fort Smith and called at appellant's depot there on numerous occasions for the check, but it was never received.

Appellant's answer admitted owing appellee $45 which it offered to pay, but denied liability for the statutory penalty on several grounds, some of which were that appellee was not an employee, but was a contractor in doing the masonry work for it; and that it did not discharge him or refuse further employment, as the job he was employed to do was finished. A tender of $45 was made and refused.

Trial before the court sitting as a jury resulted in a judgment against appellant for $772. This appeal followed.

Section 9111 of Pope's Digest provides in substance that whenever any railroad company or any receiver thereof "shall discharge with or without cause or refuse to further employ any servant or employee thereof," the wages then earned shall be due and payable on that date, and the servant may request his foreman to have his pay sent to him at any station where a regular agent is kept, and if it is not so sent within seven days from the date of the request, then as a penalty for such nonpayment the wages of the employee shall continue from thé date of discharge at the same rate until paid. A proviso is that such wages shall not continue for more than 60 days, unless an action therefor shall be commenced within that time. Another proviso extends the act to cover all corporations and their employees.

In the case of *Caldwell* v. *Mo. Pac. Ry. Co.*, 137 Ark. 439, 208 S. W. 790, it was said: "The instruction given at the request of appellee (that if the plaintiff 'quit the

service of the defendant your verdict will be for the plaintiff for $22.10,' being the amount claimed for wages) is a correct declaration of law, because the statute is a penal one and its penalty is imposed only in favor of those who come strictly within its letter. The statute imposes this penalty where a corporation or company 'shall discharge, with or without cause, or refuse to further employ, any servant or employee.' This language does not cover the case of one who voluntarily quits his employment.'' In *C., R. I. & P. Ry. Co.* v. *Russell,* 173 Ark. 398, 292 S. W. 375, 51 A. L. B. 1206, where it was stipulated that plaintiff was not a regular employee of defendant, was employed by an engineer to watch an engine belonging to defendant, which engine and train were ''tied up'' at Calion on account of a traffic congestion at El Dorado, was hired to watch said engine until orders were received for it to proceed to El Dorado, and was entitled to receive a specified compensation per hour. Plaintiff requested his pay check be sent to him at El Dorado and it was promised him it would be sent in seven days, but was not sent and suit was filed under said statute to recover wages and the penalty. The court said: ''Construing this statute strictly, as we must do because of its penal character, it must be said that there was neither a discharge of plaintiff nor a refusal to longer employ him. Plaintiff was employed in an emergency, and he was not discharged. It was not contemplated that his employment would extend beyond the emergency.''

We think these cases are controlling here. Appellee was not a regular employee, but was what might be termed an occasional or special employee. So far as the record discloses he had done work for appellant on two jobs only, one at the roundhouse, and the other at the station. He was not on the payroll of regular employees, was given no social security number and no deduction was made from his pay on this account. He was neither discharged nor refused further employment. He quit work of his own accord to attend a funeral of a relative in another city and was gone three days. When he returned, the job he had been doing was so nearly com-

pleted his foreman told him "there was no necessity for (his) going back to work." In other words, he was hired to do a certain job and when the job was done his employment ceased with it. Not being an employee within the meaning of said statute, and not having been discharged or refused further employment, within its meaning, the statute has no application, and the court erred in holding otherwise.

Appellant admitted that it owed appellee $45. It tendered that amount, but without interest, and it was refused. The judgment will be modified so as to exclude the penalty, and will be entered here for $45 with interest at 6% from October 18, 1942. Costs of the lower court will be assessed against appellant, but it will be allowed the costs of the appeal in this court against appellee. Section 2375, Pope's Digest; *Williams* v. *Buchanan,* 86 Ark. 259, 110 S. W. 1024.