MARTIN *v.* REYNOLDS & WILLIAMS.

5-1301                                     302 S. W. 2d 803

Opinion delivered June 10, 1957.

[Rehearing denied July 1, 1957]

*Paul K. Roberts,* for appellant.

*Mehaffy, Smith & Williams* and *Robert V. Light,* for appellee.

SAM ROBINSON, Associate Justice. Appellant, Elgin Martin, was an employee of appellees, Reynolds & Wil-

liams, a partnership, composed of S. P. Reynolds, James H. Reynolds and C. W. Williams, contractors engaged in constructing a highway in Lincoln County, Arkansas. Martin was discharged on November 8, 1956; on January 5, 1957, he filed this action against appellees, alleging that he was due certain wages when he was discharged; that such wages have not been paid and that the defendants are indebted to him in the penal sum of $744.40, in addition to the unpaid wages. The defendants demurred to that part of the complaint seeking to collect a penalty for failure to pay the wages due within seven days after the employee was discharged. The trial court sustained the demurrer, and Martin, the plaintiff has appealed.

Appellees first contend that the appeal should be dismissed because the order sustaining the demurrer is not appealable, but they are mistaken in that contention. Not only did the court sustain the demurrer but dismissed the complaint insofar as it pertained to the penalty issue. The dismissal of the complaint was a final judgment, and appealable.

Ark. Stats. § 81-308 provides:

"Whenever any railroad company or corporation or any receiver operating any railroad engaged in the business of operating or constructing any railroad or railroad bridge, shall discharge with or without cause or refuse to further employ any servant or employee thereof, the unpaid wages of any servant or employee then earned at the contract rate, without abatement or deduction, shall be and become due and payable on the day of such discharge or refusal to longer employ; any such servant or employee may request of his foreman or the keeper of his time to have the money due him, or a valid check therefor, sent to any station where a regular agent is kept, and if the money aforesaid, or a valid check therefor, does not reach such station within seven [7] days from the date it is so requested, then as a penalty for such nonpayment the wages of such servant or employee shall continue from the date of the discharge or refusal

to further employ, at the same rate until paid. Provided; such wages shall not continue more than sixty [60] days, unless an action therefor shall be commenced within that time. Provided, further, that this act [§§ 81-308—81-310] shall apply to all companies and corporations doing business in this State, and to all servants and employees thereof, and any such servants or employees who shall hereafter be discharged or refused further employment may request or demand the payment of any wages due, and if not paid within seven [7] days from such discharge or refusal to longer employ, then the penalties hereinbefore provided for railway employees shall attach.''

The issue here is whether the statute applies to individuals. If not, then the trial court's action in sustaining the demurrer must be affirmed. Ark. Stats. § 81-308 is Act No. 61 of 1889, as amended by Act No. 155 of 1903 and Act No. 210 of 1905. In the case of *Leep* v. *St. Louis I. M. & S. Ry. Co.*, 58 Ark. 407, 25 S. W. 75 (1894), this Court held that the 1889 act was unconstitutional when applied to individuals.

In *Combs* v. *Bunn W. Robertson, Inc.*, 205 Ark. 20, 166 S. W. 2d 665, this court said:

''The legislation upon which the suit for the penalty is predicated appears to have had its inception in Act 61 of the Acts of 1889, p. 76, entitled, 'An Act to provide for the protection of servants and employes of railroads.' The Act appears as § 6243, Sandels & Hill's Digest, and the Digester appended the following note to that section: 'This act as originally passed applied to persons as well as corporations, and was held valid as to corporations and invalid as to natural persons in *Leep* v. *St. Louis I. M. & S. Ry. Co.*, 58 Ark. 407, 25 S.W. Rep. 75, 23 L.R.A. 264, 41 Am. St. Rep. 109, and all portions applying to natural persons is stricken out.' The opinion in the Leep case recites the Act as it reads after the unconstitutional portions had been stricken — the Act having been held separable — and the Digester conformed the Act to that opinion.

"The Act was amended by Act 155 of the Acts of 1903, p. 272, so as to make receivers of railroad companies, in applicable cases, liable for the penalty, and, as thus amended, appears as § 6649, Kirby's Digest.

"This section of Kirby's Digest was amended by Act 210 of the Acts of 1905, p. 537, by the addition of the following proviso: 'Provided further, that this Act shall apply to all companies and corporations doing business in this State, and to all servants and employees thereof, and any such servants or employees who shall hereafter be discharged or refused further employment may request or demand the payment of any wages due, and if not paid within seven days from such discharge or refusal to longer employ, then the penalties hereinbefore provided for railway employees shall attach.'

"As thus amended the Act appears as § 7125, Crawford & Moses' Digest, and as § 9111, Pope's Digest. The obvious purpose and effect of the 1905 amendment was to make the provisions relating to penalty apply to all corporations, including railroads."

Here, the employers are individuals. The act is highly penal and if it had been the intention of the Legislature that the act should apply to individuals doubtless such intention would have been clearly expressed. In the *Combs* case, decided in 1942, this court construed the amended act as applying to all corporations, and the General Assembly has not amended the act since that decision. We are urged to overrule the *Leep* case, but we do not think that individuals are liable for the penalty under the present act, as amended, and, therefore, the *Leep* case is not controlling.

Affirmed.

McFADDIN and MILLWEE, JJ., dissent.