Clayton HOWARD *v.* GLENN BROTHERS TRUCKING, INC.

80-210                                              609 S.W. 2d 897

Supreme Court of Arkansas
Opinion delivered December 22, 1980
[Rehearing denied January 26, 1981.]

*Bennie O'Neil*, for appellant.

*Mitchell, Williams, Gill & Selig*, by: *D. Brent Bumpers*, for appellee.

GEORGE ROSE SMITH, Justice. The plaintiff, Clayton Howard, was employed for 20 days by the defendant company as an assistant truckdriver for long-distance hauling. After his employment ended he brought this action to recover unpaid wages and a statutory penalty of $43.69 a day for the employer's failure to pay his wages within seven days after he was discharged. Ark. Stat. Ann. § 81-308 (Repl. 1976). The case was heard without a jury. The judgment awarded Howard $383 in back wages, but found that he was not entitled to the penalty. The Court of Appeals certified the case to us.

The appellant concedes that the statute is penal, that the penalty is imposed only in favor of one who comes strictly within its language, and that the statutory language does not

cover one who quits voluntarily. *Missouri Pac. R.R.* v. *Clement*, 207 Ark. 389, 181 S.W. 2d 240 (1944).

The controlling question at the trial was whether Howard voluntarily quit or was fired. On this issue there was substantial testimony to support a decision either way. Howard rested his case after making prima facie proof that wages were due and had not been paid after demand. A witness for the defendant testified that on the last day of Howard's employment he telephoned the company from Chicago, saying that the principal driver was ill and asking for instructions. The witness, who heard the conversation on an extension telephone, testified positively that Howard was not fired. To the contrary, Howard said that he was getting off the truck, which in the trade means that he was quitting. The witness also testified that Howard rode back on the truck as a passenger, although the company had sent him money to return by bus.

In rebuttal, Howard testified that, after an exchange of much profanity during the telephone conversation, he told Mr. Kirtner, who had answered the call, that if Kirtner had to talk to him the way he did, he couldn't work under those conditions. Howard said that he was fired and did not quit until he returned to Little Rock, saying then: "There's no sense in you firing me, because I quit." He said he quit because he was not paid all his wages. He admitted that he asked for and received the money for a bus ticket, that he rode back on the truck, and that he spent the bus fare to pay personal debts.

We regard the issue as having been simply one of fact, upon which reasonable minds might differ. Without having had the advantage of hearing the testimony, we are not in a position to say that the trial court's decision is clearly erroneous.

Affirmed.

PURTLE, J., not participating. MAYS, J., dissents.

RICHARD L. MAYS, Justice, dissenting. When an

employee engages in a business conversation on the telephone with another employee and is abusively interrupted by his employer who calls him a M- F-, and the employee responds in kind, and the employer then tells him to find some other place to work, and the employee thereafter does not report to work, any fact finder who concludes that the employee voluntarily quit his job has made a finding which is clearly erroneous. As far as I am concerned, any other facts would be simply superfluous if the issue is whether the employee voluntarily quit or was fired. Since the majority of the Court holds otherwise today, I must respectfully dissent.

The judgment below should be reversed.