ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY

*v.* BRYANT.

Opinion delivered November 22, 1909.

1. MASTER AND SERVANT—DISCHARGE OF SERVANT—PENALTY.—Under Acts 1905, p. 538, providing that where a railroad corporation discharges a servant or employee without paying his wages within the time and in the manner therein provided "then as a penalty for such non-payment the wages of such servant or employee shall continue from the date of the discharge or refusal to further employ at the same rate until paid," *held,* that where a railroad company pays or tenders an employee's wages with interest the accumulation of the penalty stops, but the servant may thereafter sue to recover the penalty already accrued.  (Page 428.)

2. TENDER—SUFFICIENCY.—A tender made by the defendant in a case to a justice of the peace during an adjournment of court and in the absence of plaintiffs and their counsel, and without their knowledge, was insufficient. (Page 430.)

3.   MASTER AND SERVANT—PENALTY—MERGER.—Where a railroad company was sued in a justice's court for the wages of a servant and the statutory penalty for nonpayment of such wages, and a judgment was recovered against it, from which it appealed, the cause stood for trial *de novo* in the circuit court, and the penalty was not merged in the judgment, but continued to run until the wages were paid or tendered, or a judgment was obtained in the circuit court. (Page 430.)

4.   SAME—OFFER OF FURTHER EMPLOYMENT—SUFFICIENCY.—In a suit against a railroad company to recover for failure to pay a servant's wages after discharging him it was no defense that defendant had offered to plaintiff further employment elsewhere; it must show that it offered to employ him in the same kind of work and in the same locality. (Page 431.)

Appeal from Ouachita Circuit Court; *George W. Hays,* Judge; reversed.

*Kinsworthy & Rhoton, James H. Stevenson* and *Robert Martin,* for appellant.

1.   The court erred in refusing to admit testimony offered by appellant to prove that it offered appellees employment, thus taking away its only defense. Kirby's Dig. § 6649.

2.   The court's peremptory instruction to find for appellees was erroneous in that it authorized the jury to render a verdict for penalties after a tender had been made. Hunt on Tender, § 342; 64 Ark. 93; 66 Ark. 413.

*H. S. Powell* and *Daniel Taylor,* for appellees. ·

1.   The conditions of the statute are met whenever it is shown that the employees were discharged, or whenever, if they had not been discharged, it appears that company refused to further employ them. It was the intention of the Legislature to inflict the penalty in either. Yet, if it be held that an offer of employment would be a defense, then certainly the company should be held to an offer of employment of the same kind or grade, and within the vicinity of the place of discharge. Any other construction would defeat the object of the statute. 70 Ark. 17.

2.   A tender is insufficient if it does not include both the wages earned up to the time of discharge and the penalties accrued up to the date of the tender. 70 Ark. 226; 63 Ark. 259. A judgment of a justice of the peace court. when appealed from, is nothing more than an interlocutory judgment, since the grant

of the appeal vacates the judgment and opens the issues for a trial *de novo* upon the merits. Kirby's Dig. § 4671; 26 Ark. 315; 35 Ark. 445; 79 Ala. 532; 49 Me. 556; 23 N. J. L. 201; 44 N. C. 392; 64 Tex. 556; 39 Ind. 369; 89 Mo. 263; 65 Tex. 395; 28 W. Va. 184; 66 Ark. 413; Black on Judgments, § § 683-697.

FRAUENTHAL, J.   The appellees, who were the plaintiffs below, were in the employ of the defendant, a railroad corporation, and they severally instituted suits in the court of a justice of the peace for the recovery of wages and penalties for the failure of the defendant to pay them their wages when they were discharged. Judgments were recovered in each of the several cases in favor of each of the plaintiffs, and the defendant appealed from all the judgments to the circuit court. In the circuit court all of the cases were consolidated. In its answer in the circuit court the defendant denied that it had discharged either or any of the plaintiffs, or that it had refused to further employ either or any of them, but alleged that defendant took the plaintiffs off the particular work they were doing and offered them work of another kind and at another point on its line of railroad. It further alleged that on December 18, 1897, it offered and tendered to each of the plaintiffs the full amount of the wages with interest then due to each of them, but that the tender was refused because the amount of the penalty to that date was not also tendered. It did not deny that it owed to the various plaintiffs the several amounts of the wages; and it tendered those amounts in court; but it denied that the plaintiffs were entitled to any penalty.

The evidence on the part of the plaintiffs established the following facts: The plaintiffs worked for defendant during the month of October, 1907, and up to November 5, 1907, when they were discharged by their foreman. They requested of their foreman to have the money due them sent to the station, Camden, where a regular agent was kept, and thereafter they applied to said agent for the payment of their wages within seven days from the date of the request and also thereafter; and that the wages were not paid to them. Thereafter they severally instituted suits in the justice of the peace court for the recovery of the wages and also of penalty, and recovered judgments in that court in November, 1907. From these judg-

ments the defendant appealed to the circuit court; and on December 18, 1907, the defendant tendered to each of the plaintiffs the full amount of his wages with interest to that date and also all costs of the court to that date. The tender was refused because the penalty was not also tendered.

In the trial of the cause in the circuit court the foreman under whom the plaintiffs had been working was asked by the defendant the following question, which the court refused to permit the witness to answer: "Q. At the time you discharged these men or pulled them off, did you offer them employment at any other place for the Iron Mountain Railroad Company?"

It was agreed that a finding and judgment should be made in favor of each of the plaintiffs for the several amounts of their wages, which amounts were also agreed on. The sole question then submitted to the jury was relative to the recovery of the penalty; and on that issue the court gave to the jury the following peremptory instruction:

"The court instructs the jury to return a verdict for the plaintiffs for their wages at rate paid at time of discharge, November 5, 1907, to May 14, 1908, as penalty for non-payment of wages within seven days after discharge."

A verdict was returned in favor of the plaintiffs for the amount of the penalties, which aggregated $3,323. From the judgment entered on said verdict for penalties the defendant prosecutes this appeal.

The sole question presented by this appeal is whether or not the plaintiffs are entitled to recover penalties herein; and, if so, the extent of such recoveries. The right to the recovery of the penalty asked in this suit is founded upon the act of April 24, 1905, which is amendatory of section 6649 of Kirby's Digest. Acts 1905, 538. That act provides that whenever any railroad corporation "shall discharge with or without cause or refuse to further employ any servant or employee thereof, the unpaid wages of any such servant or employee then earned at the contract rate, without abatement or deduction, shall be and become due and payable on the day of such discharge or refusal to longer employ; and such servant or employee may request of his foreman or the keeper of his time to have the money due him, or a valid check therefor, sent to any station

where a regular agent is kept, and if the money aforesaid, or a valid check therefor, does not reach such station within seven days from the date it is so requested, then as a penalty for such non-payment the wages of such servant or employee shall continue from the date of the discharge or refusal to further employ at the same rate until paid."

The plain object and purpose of this statute is to secure for the employee the prompt payment of the wages due by visiting upon the railroad company a penalty until the same are paid. The primary intent of this statute is not to secure the payment of a penalty but the payment of the wages; and by the provision of the statute it is stipulated that the penalty shall continue until the wages are paid. When the wages are paid, therefore, the penalty ceases. But the only way that the railroad company can make the payment of the wages is to make the offer or tender thereof; it cannot force its acceptance. If the tender is accepted, it then becomes a payment of the wages, and would cause the penalty to stop. When the railroad has, therefore, done all that it can to make the payment, it becomes in law equivalent to a payment, and so stops the continuance of the penalty. The statute provides that "as a penalty for such nonpayment, the wages of such servant or employee shall continue * * * * * * at the same rate until paid." The payment here referred to clearly only refers to the payment of the wages, and not to any penalty; and so, if that which is done is equivalent to a payment, to-wit, a tender of the amount of wages, then all is done that is required by the statute to stop the further running of the penalty. The acceptance of the wages would not be a payment of the penalty which had accrued to the date of such payment; and, as is held in the case of *St. Louis, Iron Mountain & Southern Ry. Co.* v. *Pickett,* 70 Ark. 226, after the payment of the wages suit can be brought for the amount of the penalty which had then accrued. But this question is ruled upon and settled in the case of *St. Louis, I. M. & S. Ry. Co.* v. *Paul,* 64 Ark. 83, wherein Mr. Justice BATTLE says in regard to this statute: "To enforce the performance of this duty, exemplary or punitive damages are imposed upon them for the failure to do so; that is, the liability to pay the wages at the contract rate until the wages earned

on the day of the discharge or refusal to longer employ are paid. They are not necessarily more unreasonable than, or as much so as, those allowed by the Iowa statute. The railroad company can stop them by the payment or tender of payment of the amount due the employee for wages actually earned. No other amount need be tendered for that purpose."

We are therefore of the opinion that the amount of the penalty ceased to run on the 18th day of December, 1907, when the defendant tendered to the plaintiffs the full amount of their wages with interest; and that it did not also have to tender the amount of the penalty which had accrued to that day to stop the continuance of the accumulation of the penalty. The plaintiffs, upon said tender being made or upon the acceptance of that amount for the wages only, had still the right to recover the amount of the penalty which had accrued to that date, and now have that right; but not to recover any further amount for penalty.

It is urged by the defendant that it offered to the justice of the peace before the day of trial the amount of the wages, and that this was a tender of the amount thereof. But this was done in the absence of plaintiffs and their attorney, and without their knowledge, and during the adjournment of the court. We do not think this amounted to a tender, so as to stop the penalty.

It is also urged by the defendant that when judgments were recovered by plaintiffs in the court of the justice of the peace their causes of action were merged in the judgments, and that thereby the amount of the penalty was fixed to that date and ceased running, so as to make no larger amount of penalty. But the defendant took appeals from these judgments to the circuit court, and the actions were then transferred to that court. In that court the trials were *de novo,* and the causes were tried in the circuit court upon the whole case as if brought in the circuit court in the first instance. After this appeal the plaintiff could amend by adding claims against defendant which were not included in the original demand before the justice, only keeping out new causes of action. The judgment of the justice of the peace after an appeal is taken, therefore, is not final, nor is the cause of action merged therein, because the cause is tried anew in the circuit court as

if brought in that court originally. *Hall* v. *Doyle*, 35 Ark. 445; *Texas & St. L. Ry. Co.* v. *Hall*, 44 Ark. 375; *Birmingham* v. *Rogers*, 46 Ark. 254; *Little Rock & Hot Springs W. Rd. Co.* v. *Castle*, 74 Ark. 539.

It is urged by the defendant that the plaintiffs could not recover any penalty herein in event there was, at the time of the discharge of plaintiffs, offered to them employment by defendant of any kind and at any point. We think that the object and purpose of the statute was to secure to the employee the prompt payment of his wages, or a continuance of his employment, so that he would have a livelihood and a means of maintenance. To secure that object, it would be necessary to give him that employment in which he was competent to perform the duties thereof and at a place where he could reasonably be in order to perform those duties of such employment. The employee by earning his wages under the contract of employment shows that he was competent and able to perform the duties of the employment in which the wages were earned; and therefore we are of the opinion that the "further employment" meant by the statute is employment of the same class and kind and in the same locality in which his wages were earned under the contract of employment. Otherwise the railroad company might offer to the servant employment, the duties of which he might be incompetent to perform, or at a point so remote or inconvenient to the servant that he could not reasonably accept it; and thus the railroad company could escape the penalty named in this statute. We are therefore of the opinion that the court did not err in refusing to permit the defendant to prove that it had offered to plaintiffs employment generally or at another place generally. It could only show that it offered further to employ them in the same kind of work and in the same locality.

For the error of the court in charging the jury that the plaintiffs could recover penalties accruing after the tender of the amount of wages made on December 18, 1907, the judgment is reversed, and this cause is remanded for a new trial.