(106 So. 831)

No. 25645.

## DEARDORF v. HUNTER.

(Jan. 4, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Master and servant** &#x25ba;83—**Employer held not liable for penalty for failure to pay discharged employees.**

Where manager of nonresident defendant's mill used pay roll money for other purposes, and defendant, who was sick on learning of suits by discharged employees for wages and penalty under Act No. 150, of 1920, immediately tried to settle claims, *held,* statutory penalty should not be imposed.

2. **Master and servant** &#x25ba;83—**Employer allowed equitable defense against penalty for failing to pay discharged employees.**

Act No. 150, of 1920, making employer failing to pay discharged employees within 24 hours after demand liable for wages from demand until paid or tendered, *held,* not to preclude equitable defense against penalty.

3. **Constitutional law** &#x25ba;43(1)—**Objection to constitutionality of penal statute not determined, where penalty not imposed.**

Defendant's objection that penal statute is unconstitutional need not be ruled on, where court refuses to impose penalty, and on appeal defendant merely seeks affirmance of judgment.

Appeal from Sixth Judicial District Court, Parish of Ouachita; Fred M. Odom, Judge.

Separate actions by C. A. Deardorf and others against C. A. Hunter consolidated for trial. From a judgment for less than amount demanded, plaintiff named appeals. Affirmed.

E. T. Lamkin, Murray Hudson, and Hudson, Potts, Bernstein & Sholars, all of Monroe, for appellant.

John M. Munholland, of Monroe, for appellee.

O'NIELL, C. J. The question in this case is whether the Act 150 of 1920 (p. 229), which says that any employer of labor, who discharges an employee and fails to pay him within 24 hours after he demands his wages at the usual place of payment, shall be liable for the wages from the time of the demand until the wages are paid or tendered, is so peremptory as to forbid any equitable consideration or defense.

There were four other suits like this, brought by laborers for sums ranging from $25 to $40, for wages due them, and for the penalty provided by the Act 150 of 1920; all of the suits being against the same defendant. The cases were consolidated in the district court and tried as one suit. There was judgment for the plaintiff in each case, for the wages claimed and for all costs, including a curator's fee, but not for the penalty claimed under the Act 150 of 1920. The only case that is before us on appeal, however, is that of C. A. Deardorf against Hunter, in which the plaintiff appealed from the decision. The record does not show what became of the four other suits after the judgments were rendered.

[1, 2] Deardorf was employed as a laborer at the defendant's sawmill, stacking lumber, at $5 a day. Having worked 7 days, he and the other laborers were discharged because the swamp became flooded, which stopped the logging operations and compelled the defendant

to stop the mill. He lived in Illinois. An employee named Spears was manager of the sawmill in Ouachita parish. Hunter had visited the mill a few weeks before it suspended operations, and, on leaving for his home in Illinois, he requested Spears to send him the pay roll so that he could remit promptly for all wages that would be due. Spears sent the pay roll to Hunter promptly, and he immediately remitted to Spears the full sum due. The name of the plaintiff in this suit, and the names of the four other laborers who sued, appeared on the pay roll for the amount due to each of them. But Spears used for other purposes a part of the money that Hunter sent him for the pay roll; hence the plaintiff in this suit and the four other laborers who sued were not paid. Hunter did not know that the five laborers were not paid until he was notified by the curator ad hoc appointed to represent him in these suits. Then he came to Louisiana and went about trying to settle with the men. He offered them—or some of them—more than the amounts due, in an effort to stop the lawsuits; but the plaintiffs would not accept payment, except under protest and with reservation of the right to proceed with the suits for the penalties, because they had signed contracts with their attorney, for a contingent fee, which, according to the Act 124 of 1906, forbade the plaintiffs to settle their claims without the consent of their attorney. Meantime, the cases had been tried and submitted, and in Deardorf's case a judgment had been rendered for the amount claimed and the penalty, but the judge refrained from signing the judgment. No evidence had been offered in behalf of the defendant, because he had not appeared or employed an attorney to represent him. The attorneys for Deardorf made repeated demands upon the judge to sign the judgment, but he refused; and the attorneys applied to this court for a writ of mandamus to compel the district judge to sign a judgment in favor of Deardorf; but we refused to issue the writ. Thereafter, Hunter employed an attorney, and he filed a motion to reopen the cases. The court ordered the cases reopened and heard evidence in behalf of the defendant. He tendered in open court, in settlement of this suit, $55.10, which covered $35 wages due for the 7 days labor, and the accrued interest and all court costs, except the curator's fee, which had not been fixed or demanded. The tender was refused, and the amount of $55.10 was deposited into the registry of the court. Spears testified that it was his fault that the plaintiffs in these suits had not been paid when they were discharged, because of his using for other purposes the money that had been sent to him by Hunter to pay these men. As soon as Hunter had heard from the curator ad hoc of the filing of these suits, he wired to Spears, asking why the men had not been paid; and he came to Louisiana immediately and tried faithfully to settle the claims, even for more than the wages they had earned. They had found employment elsewhere soon after they were discharged and had not suffered any serious inconvenience from the failure of Spears to pay them their wages when he discharged them. The district judge found, also, and it is not disputed, that Hunter was a very sick man, almost insane, and, as the judge says, "not mentally capable of taking care of himself." That is how the judge, after seeing the man and hearing him testify, accounted for his neglecting so long to employ an attorney to defend the suits. The judge refused to hold the defendant responsible for the laches of Spears, to the extent of condemning the defendant for the severe penalty allowed by the Act 150 of 1920. We approve the ruling. In a written opinion in which the judge discusses the equitable considerations that controlled his judgment, he explains to our satisfaction why he declined to impose the penalty, which would now be approximately $3,200 in this case alone. The judge held that Hunter's tender of $55.10, which was deposited in the

registry of the court, was not sufficient, because it did not include a fee for the curator ad hoc. The judge gave judgment in favor of the plaintiff for $35, with legal interest from the day he was discharged, and for all court costs, including $10 for the curator's fee, all subject to credit for the $55.10 deposited in the registry of the court. The court sustained the writ of attachment which had been levied upon the property of the nonresident defendant. Our conclusion is that the judgment is correct. The language of the Act 150 of 1920 is not so peremptory as to forbid an equitable defense against the penalty.

[3] The curator ad hoc pleaded in the district court that the statute was unconstitutional in so far as it attempted to impose the penalty. The judge's conclusion that the defendant was not liable for the penalty made it unnecessary to decide the question of constitutionality. The defendant answered the appeal, but asked merely that the judgment should be affirmed. Therefore the question of constitutionality of the law is not now an issue in the case.

For a sufficient reason, the attorney employed to represent the defendant in the district court declined to argue the case on appeal, or to file a brief.

The judgment is affirmed.