No. 2493

Second Circuit

WHITEHEAD v. E. J. DEAS CO., INC.

(June 28, 1928. Opinion and Decree.)
(July 14, 1928. Rehearing Refused.)
(October 2, 1928. Writs of Certiorari and Review denied by Supreme Court.)

John F. Philips, of Shreveport, attorney for plaintiff, appellee.

L. C. Butler, of Shreveport, attorney for defendant, appellant.

WEBB, J. The plaintiff, on October 9, 1926, filed this action, in which he alleges that he had been employed by the defendant as night operator of a machine used in excavation work for three nights of ten hours each (October 3rd, 4th and 5th) at the rate of ninety cents per hour, and that he had been discharged and that the defendant had refused to pay him the amount of wages due, or twenty-seven dollars, after demand, and prayed for judgment for the amount of wages alleged to be due, and penalties under Act No. 150 of 1920.

The defendant, in answer, admitted that the plaintiff had been employed to operate the machine, and that he had made a demand for payment of wages, but alleged, in substance, that the plaintiff had been employed temporarily or under the express agreement that he was competent to operate the machine, and that the rate of compensation had been agreed upon with express reference to his competency, and

that it had developed that the plaintiff was incompetent and had not worked for the full period of ten hours per day, and while operating the machine had damaged it to the extent of more than two and 50-100 dollars, which should be deducted from any amount due him, and that the plaintiff's incompetency had caused defendant to sustain heavy losses, and, further, that notwithstanding it had disclaimed liability it had, on suit being filed, offered to pay plaintiff a reasonable sum for the work done, but that plaintiff had refused to accept any sum less than nine dollars per day from the date of the employment.

Trial was had on February 19, 1925, and judgment was rendered in favor of plaintiff for the amount of the wages claimed and penalties to the date of the judgment, excluding Sundays and the period pending the trial and decree, aggregating one thousand fifty-three dollars, with legal interest from date of judgment, from which defendant appealed.

The claim for penalties is based upon Act No. 150 of 1920 which reads as follows:

### "An Act

"To provide for the payment within twenty-four hours after discharge of laborers and employees by every employer when demanded by the discharged laborer or employee at the place where said employee or laborer is usually paid, and providing that failure to pay such discharged laborers or employees upon such demand shall make the employer liable for their full time from such demand until they are paid, or tendered payment.

"Section 1. Be it enacted, etc., that it shall be the duty of every person, individual, firm or corporation employing laborers or other persons of any kind whatever when they have discharged said laborer or other employee, to within twenty-four hours after discharged pay the laborer or employee the amount due him under the terms of his or their employment, whether by the day, week or month upon demand being made by the said discharged laborer or employee upon his employer at the place where said employee or laborer is usually paid.

"Section 2. Be it further enacted, etc., that any individual, firm, person or corporation employing laborers or others in this state who shall fail or refuse to comply with the provisions of section 1 of this act, shall be liable to the said laborer or other employee for his full wages from the time of such demand for payment by the discharged employee until the said person, firm or corporation shall pay or tender payment to the amount due such laborer or other employee."

The defenses set up related both to the right of plaintiff to the wages claimed as well as to the penalties, the defenses urged, as against the indebtedness, being that plaintiff had represented himself as competent to operate the machine, when he was incompetent, thereby causing defendant to sustain heavy losses in excess of any amount due him, and that he had not put in full time, and had damaged the machine, for which deductions should be made, and the defenses urged, as against the penalties, being that his employment was dependent upon his competency to operate the machine, his right to claim the wages was dependent upon his competency, and that thus the amount of wages was not fixed under the terms of the agreement, and that plaintiff could not demand the penalties under the statute, and further, that the defenses interposed to the claim for wages were made in good faith, and that defendant was willing at all times to pay plaintiff the amount justly due, and that plaintiff should not be permitted to recover the penalties, even though the defenses to the claim for wages were not established.

The evidence offered went beyond the pleadings, and without relating it, we are of the opinion that while it established

that plaintiff's employment was on trial, and dependent upon his ability to operate the machine efficiently, yet it shows that the amount of wages to be paid was agreed upon, and it does not establish that plaintiff had damaged the machine, or that he had not put in full time, and although the evidence shows that he was not thoroughly familiar with the machine and did not operate it efficiently, he was entitled to receive the wages agreed upon for the time he worked, and that he was under the statute entitled to demand the penalties for non-payment however, on trial it was shown that after the suit had been filed defendant offered to pay the full amount of wages claimed, and that plaintiff would not accept the amount due for wages without the payment of the penalties.

The statute must be strictly construed as to the right to recover penalties, against which equitable defenses may be interposed (Deardorf vs. Hunter, 160 La. 213, 106 So. 831), and the evidence showing that the defendant, although urging that the employee was not entitled to be paid the wages claimed, offered to pay same, we think that the offer should have been accepted and further accumulation of penalties stopped (St. Louis Southwestern Ry. Co. vs. Bryant, 122 S. W. 996; Robinson vs. M. L. Co., 204 Pac. 671), and that plaintiff cannot recover penalties after the date of the offer to pay the amount of wages claimed.

As to the penalties which had accumulated prior to the date of the offer to pay, the amount claimed for wages, the evidence failing to show that the defendant was entitled to make any deductions for alleged damages or failure of plaintiff to put in full time, the defendant is liable for such penalties, which the evidence shows amounted to fifty-four dollars.

It is therefore ordered that the judgment appealed from be avoided and set aside, and that plaintiff have and recover judgment against defendant in the sum of twenty-seven dollars, the amount of wages earned, and fifty-four dollars for penalties or for the total sum of eighty-one dollars, with legal interest from judicial demand, plaintiff to pay the cost of the appeal.