No. 3784

Second Circuit

NEELEY v. MAGNOLIA GAS CO.

(December 23, 1930. Opinion and Decree:)

George T. McSween, of Shreveport, attorney for plaintiff, appellant.

Pugh, Grimmet & Boatner and J. N. Marcantel, of Shreveport, attorneys for defendant, appellee.

DREW, J. Plaintiff brought this suit under Act No. 150 of 1920, alleging that he was entitled to be paid by the defendant for four days' work in the last half of the month of June, 1928, at the rate of $4.50 per day, and for each day after the 21st day of June, 1928, until paid the full amount due him at the rate of $4.50 per day.

He alleges that he was discharged on June 21, 1928, and demanded his pay, which was refused, and that on the following day he again demanded his pay, and it was refused; that he made his demand at the usual place of payment for the said defendant.

Plaintiff prays for judgment in the sum of $18, with legal interest from the 16th day of June, 1928, and for further judgment in the sum of $4.50 per day for straight time, commencing on the 21st day of June, 1928, until such time as the defendant shall pay the claim sued on.

Defendant answered admitting that plaintiff worked on the pipe line for it on the 18th, 19th, 20th, and 21st of June, 1928, and alleged that his wages were $4.05 per day; that he did not work on the 22d, 23d, and 24th of that month, but reported for work on the 25th, at which time he was informed that his services were no longer needed. It admits that plaintiff demanded his wages at the regular place of payment on the date of his discharge and was not paid, for the reason that the timekeeper had on that day moved his office to the pipe line camp, a few miles away from the regular place of payment; that it requested plaintiff to go to the timekeeper and get his time and he would be paid; that a few days later, plaintiff's time was secured, his check made out and held at the defendant's office, but that he never

called for it, although he was notified that his check was awaiting him; that on July 6, 1928, when the regular pay checks came in from the general office, plaintiff's check was among them; and that on that day plaintiff was tendered his check for the four days' time, which he refused.

Defendant also filed a plea of unconstitutionality, in which it alleged that Act No. 150 of 1920 is unconstitutional, in that it violates the Fifth Amendment to the Constitution of the United States and article 1, sec. 2, of the Constitution of the state of Louisiana 1921. The plea of unconstitutionality was not passed upon by the lower court, and judgment was rendered in favor of plaintiff for the sum of $16.20, for four days' work during the last half of June, 1928, and for $56.70, representing statutory penalties to July 6, 1928, the date the tender was made, plus legal interest from judicial demand on the above amounts.

The defendant has not appealed from this judgment, which was rendered on June 1, 1929.

On December 21, 1929, the plaintiff by petition asked for orders of devolutive appeal from that part of the judgment only that rejects his demands; that is, from that part of the judgment that did not allow him straight time from July 6th on until paid. The court signed an order granting the appeal as prayed for.

Defendant answered the appeal by again attacking the constitutionality of the act.

It is plain to see that there is no appeal before this court in so far as the judgment of the lower court gave to plaintiff the sums of $16.20 and $56.70. The only thing before us is that part of the judgment rejecting the demand of plaintiff for

penalties after July 6, 1928. The judgment otherwise is executory; neither plaintiff nor defendant having appealed from it.

The record is clear that on July 6th plaintiff was tendered the amount due him for the four days' labor during the last half of June. There is no dispute of this fact. Plaintiff is not entitled to recover penalties after the date of tender. This question has been decided by this court in the case of Whitehead v. Deas, 9 La. 47, 118 So. 856, 857, in which this court said:

"The statute must be strictly construed as to the right to recover penalties, against which equitable defenses may be interposed (Deardorf v. Hunter, 160 La. 213, 106 So. 831), and the evidence showing that the defendant, although urging that the employee was not entitled to be paid the wages claimed, offered to pay same, we think that the offer should have been accepted and further accumulation of penalties stopped (St. Louis, I. M. & S. W. Ry. Co. v. Bryant, 92 Ark. 425, 122 S. W. 996; Robinson v. St. M. L. Co., 34 Idaho, 707, 204 P. 671), and that plaintiff cannot recover penalties after the date of the offer to pay the amount of wages claimed.

"As to the penalties which had accumulated prior to the date of the offer to pay the amount claimed for wages, the evidence failing to show that the defendant was entitled to make any deductions for alleged damages or failure of plaintiff to put in full time, the defendant is liable for such penalties, which the evidence shows amounted to $54."

Our conclusion that the plaintiff cannot recover on that part of his claim rejected by the lower court makes it unnecessary to pass on the question of unconstitutionality of the Act No. 150 of 1920.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court appealed from be affirmed, and that the cost of appeal be paid by appellant.