No. 4213

Second Circuit

(Second Division)

---

PERRYMAN v. BOISSEAU ET AL.

---

(December 9, 1931.  Opinion and Decree.)
(February 6, 1932.  Rehearing Refused.)

---

Irion & Switzer, J. O. Modisette, Charles B. Emery, and Thomas M. Comegys, Jr., of Shreveport, attorneys for plaintiff, appellant.

W. B. Mossey, of Shreveport, attorney for defendants, appellees.

CULPEPPER, J.  This is a suit to enforce the penalties under Act No. 150 of 1920, wherein it is made the duty of every person, individual, firm, or corporation to pay employees their wages, in event of discharge, within twenty-four hours thereafter, upon demand made for payment; and, upon the failure to make payment, such employer shall be liable to the discharged employee for the latter's full wages from the time of demand until payment is made or tendered.

Plaintiff alleges he was employed by the defendant R. C. Boisseau, who was acting for himself and for Falcon Drilling Company, Inc., the other defendant; the nature of the employment being that of a laborer in the drilling of an oil and gas well being drilled by defendants in Caddo parish, the

well being known as "Oden No. 1." Plaintiff alleges his agreed wage was $4.50 per day and working seven days a week; that he worked from July 27th to August 4th, inclusive, on which last-named day he was discharged by said Boisseau; that he made immediate demand on that day and the next day for his pay, without avail. He sues both defendants for his accrued wages up to date of discharge, aggregating $40.50, also for the further sum of $4.50 for each day thereafter beginning August 5, 1930, until he is paid the full amount due him. Plaintiff also sequestered the oil well rig and paraphernalia being used in the drilling operations to secure his alleged laborer's lien and privilege upon same.

Both defendants joined in the same answer and made general denial, and set up no special defenses. There was judgment for $40.50 in favor of plaintiff against both defendants in solido, and maintaining the sequestration sued out. From this judgment plaintiff alone appealed devolutively. Defendants have answered the appeal, praying that the judgment be set aside and plaintiff's demands rejected.

Since the judgment is for the amount of the wages earned to the date of plaintiff's discharge, it is evident that the court rejected the statutory penalties as a whole, although the judgment does not so state.

The testimony fully establishes that plaintiff was employed by R. C. Boisseau at $4.50 per day; that plaintiff worked for a period of nine days, from July 27 to August 4, 1930, inclusive; that he was discharged at the close of the last-named day; that he made demand on Mr. Boisseau at the time of discharge for his pay; that he made demand on the following day at Boisseau's office, and on several occasions thereafter, all without avail. These facts were proved by the testimony of plaintiff himself and his brother, Cecil Perryman, and not denied by Boisseau. This defendant's testimony consists of but a few statements, covering less than two pages of the transcript of testimony, excepting a few questions asked him by plaintiff's counsel on cross-examination. He merely states that the Pharis Drilling Company started the drilling of the Oden No. 1 well, drilled to a depth of 2,409, then the North Louisiana Oil & Gas Company, of which he was a stockholder, took it over for completion; that he had charge of the operations; that he did not employ plaintiff to work for him individually on the well; that he individually does not owe plaintiff anything; and that (quoting) "the company owes him (plaintiff) a small amount for the days he worked." This defendant makes no effort to explain or to inform the court of the circumstances of plaintiff's employment, the wages to be paid, the number of days he worked, whether plaintiff was or was not discharged, and whether plaintiff did or did not make demand for his pay. On cross-examination he denied that the defendant Falcon Drilling Co., Inc., had anything to do with the drilling of the well, or was a party to the drilling contract. He says that it did not own any of the tools and equipment.

Judge S. C. Fullilove, president of the Falcon Drilling Company, Inc., testifying for his company, said that he did not employ plaintiff; that his company was not engaged in the drilling of the Oden No. 1 well, nor was it engaged in the enterprise. He testified that defendant Boisseau, at first, presented the drilling contract to him and asked him to sign it and he refused,

and that Boisseau had no authority to sign it for him, as Boisseau was not a member of the Falcon Drilling Company. Judge Fullilove testifies, however, that Boisseau later called on him and wanted the company to loan him casing to set in the well, and that he (Fullilove) bought the casing and delivered it to the North Louisiana Oil & Gas Company with the understanding with Boisseau, who owned the company and had charge of the drilling operations, that, if he brought in a well, he (Fullilove) was to have an interest in it. Judge Fullilove was then asked:

"Q. Your interest or the Falcon Drilling Company's interest was contingent upon the success of the well?

"A. Yes, sir, we were to get an interest in the completed well if he got a well and he was to pay then for the casing and I would get an interest in addition to that and that is why I let him have the casing; that is my casing yet."

From this testimony, it is clear, we think, that the drilling of the well in question was a partnership or joint enterprise, and both parties are bound accordingly, particularly as to third persons. Graham Paper Co. v. Lewis, 1 La. App. 317; Id., 159 La. 151, 105 So. 258; 33 C. J. 841-842; Lagan v. Cragin, 27 La. Ann. 352; La. Digest "Partnership," sec. 21.

The lower court evidently took this view of the case due to the fact that the court held both defendants liable. We think the court was correct in so holding.

Plaintiff contends that the case comes within the provisions of the Act No. 150 of 1920, and that he should recover the penalties as therein provided.

It is contended by the defendant Falcon Drilling Co., Inc., that the testimony shows that the defendant Boisseau was not its agent and did not hire nor discharge plaintiff or otherwise deal with him; therefore it cannot be held liable for the wages covering the days plaintiff actually worked nor for the penalties attached, if any. It is true that this defendant did not have charge of the work and did not personally hire plaintiff nor discharge him. It merely contributed the casing as a part of the material necessary in the work. No demand was made upon it for payment of the wages due. It maintained no pay office for this particular operation, nor had plaintiff looked to it for his wages. Judge Fullilove, president of this defendant company, apparently knew nothing of the trouble plaintiff was having in trying to obtain payment. So far as the evidence shows, the matter was never called to his attention. From his testimony it appears that he firmly believed that no obligation rested upon his company to pay or see to it that plaintiff was paid, but that Boisseau himself was the one to pay all of the expenses incidental to the work, including the wages of the plaintiff. In this, his petition is correct in so far as his being primarily liable, because Boisseau, under the agreement, was to bear all of these expenses. While under the above-cited decisions plaintiff, a third party, was not bound by any agreement as between the defendants, nevertheless plaintiff, we think, under the circumstances, should have made a demand upon the Falcon Drilling Company before he would be in position to demand more than the wages then due. He did not do this. Therefore he is not entitled to recover penalties under the statute, from this defendant.

The statute must be strictly construed as to the right to recover penalties, against which equitable defenses may be inter-

posed. Deardorf v. Hunter, 160 La. 213, 106 So. 831; Whitehead v. Deas Co., Inc., 9 La. App. 47, 118 So. 856; Neeley v. Magnolia Gas Co., 15 La. App. 224, 131 So. 589.

As to the defendant Boisseau, we find no defense of an equitable character. This defendant employed plaintiff, discharged him, and failed and refused to pay him. Demand for payment was made upon Boisseau immediately following the discharge, and on the following day at his office, also on several subsequent occasions. On the day of the discharge, this defendant promised to pay plaintiff the next day at a certain place designated by the defendant. Plaintiff appeared at the place at the time and place designated, waited all day, and, defendant failing to appear, plaintiff sent his brother with written order to defendant's office, and defendant again failed to pay, but promised to pay later. He was called upon later for pay, and finally refused to make payment at all. We fail to see what more could have been expected of plaintiff in making demands upon defendant.

This defendant now contends that he personally does not owe the wages claimed by plaintiff, that the work was being done by the North Louisiana Oil & Gas Company, and that the company owes plaintiff the wages, but, that he (Boisseau) owes him nothing. Judge Fullilove testified that the North Louisiana Oil & Gas Company was owned by Boisseau. This was not disputed by Boisseau, who was on the witness stand after Fullilove had testified and had an opportunity to deny same if it had been untrue. Counsel for this defendant contends in his brief that the work being done under Boisseau's supervision was closed down, and the finishing of the well was taken over by "other people"; that "when work of this nature is finished, or abandoned and all the men employed upon it released for that reason, it is not a discharge within the meaning of the statute—and for that reason the plaintiff was not really discharged." There is no evidence to show that the North Louisiana Gas & Oil Company closed down operations and the finishing of the well taken over by some one else. On the contrary, Mr. Boisseau himself testified that the well was first started by the Pharis Oil & Gas Company, which drilled to a depth of 2,409 feet; then the North Louisiana Gas & Oil Company took it over for completion. He nowhere states that this latter company closed down operations. Even if it did, which is not shown, it would not relieve Boisseau's responsibility to pay the wages of the laborers who were discharged on August 4th. Plaintiff testified he was discharged on that date. He states that Mr. Boisseau told him "to quit work." Asked why Mr. Boisseau told him to quit, plaintiff said, "They got a new crew." Asked again how come him to quit, and he answered:

"Because of the reason that the whole bunch was laid off and he hired new men to complete the well.

"Q. Who hired the men?

"A. Mr. Boisseau was all I know. He had new men to complete the well, carrying on the drilling to completion—he got another man by the name of Neilley."

Mr. Boisseau made no denial whatever of this testimony. Under all the facts and circumstances as disclosed by the testimony, plaintiff, we think, was discharged, and that the case as to this defendant, Boisseau, comes squarely within the statute, and precludes any equitable defense. He is therefore subject to the penalties prescribed therein. Plaintiff knew no one

but Boisseau in his contract of employment; was paid by him for his prior wages; was discharged by him; and was at first promised pay for the wages due at time of discharge by him and later refused. Defendant did not tell plaintiff to look to any one else for pay; disclosed no relationship of agency, if any existed, between himself and any other person or corporation. Plaintiff, we think, had a right to assume Boisseau was his employer, and in fact was his employer according to the view of the lower court, and in that we think the court was correct.

For the foregoing reasons, the judgment of the lower court is affirmed in so far as granting judgment against both defendants for $40.50 with interest, and rejecting the demands for the statutory penalties as against the defendant Falcon Drilling Company, Inc. Otherwise it is reversed. It is now decreed that plaintiff have and recover of the defendant R. C. Boisseau the additional sum of $4.50 per day as penalties, for seven days a week, from the 5th day of August, 1930, until said defendant shall pay or tender payment to the plaintiff the sum of $40.50, the amount of wages earned and due at date of discharge, and legal interest thereon from judicial demand; also like interest on the amount of the penalties accrued and to accrue from their respective dates of accrual until paid.

It is further ordered that the costs of the lower court be paid by defendants and costs of appeal by the defendant R. C. Boisseau.