### OLLER v. BENDER.
### No. 4523.

Court of Appeal of Louisiana. Second Circuit.

March 31, 1933.

Wm. C. Boone, of Shreveport, for appellant.

Foster, Hall, Barret & Smith, of Shreveport, for appellee.

MILLS, Judge.

Plaintiff ws employed by defendant as a laborer under Charles Wallington, foreman, in the field near Cotton Valley, La. He worked eight and one-half days at a wage of $3 per day, until the job was completed on June 20, 1930. At the termination of the employment the workmen were given, by the foreman, orders in pencil, written and signed by him, on the defendant at his office in Shreveport, for the amount of their pay. For some unexplained reason Oller interlined, in ink, in his own handwriting, on the penciled order given Elbert Ray, a fellow workman, his own name and the amount, $25.50, due him. Ray and Oller went together to the office of Bender in Shreveport, on June 28, 1930, presented this order, and demanded payment. The order appearing regular as to him, Ray was paid promptly and without question.

The portion of the order relating to Oller, not being in the handwriting of the foreman, justifiedly raised a doubt in the mind of Bender that it was genuine. He offered plaintiff $10 to cover his immediate needs, but would not pay the balance until he had an opportunity to verify it.

In answer to the question, "What did Mr. Bender say in regard to this written order?" Oller answered:

"He said that he just could not pay, pay me but ten dollars then and would pay the rest as soon as he seen the books. I told him no sir, I didn't want nothing until I got it all, and he said well I don't pay you then until I see the books. I had not heard a word from him since."

The order was not repudiated; only a reasonable delay for an investigation was asked. In the next few days the order was found to be correct. As plaintiff left no instructions to forward it, the amount was held subject to his demand. The only subsequent demand prior to the filing of suit was contained in a letter from plaintiff's lawyer demanding the amount of wages and penalties. Defendant offered to pay the wages, but refused to pay the penalties. Since that time defendant has stood ready to pay the wages, and with his answer tendered and deposited them with interest and costs to date in the registry of the court.

There is in the record some testimony as to demands made upon the foreman at both Haynesville and Cotton Valley. Whatever right plaintiff might have had because of these demands was waived by his acceptance of the order for payment at the office in Shreveport.

In this action plaintiff seeks to recover the wages due and the penalty prescribed by Act No. 150 of 1920. That act provides for payment within twenty-four hours after discharge of laborers or employees by every employer, when demanded by the discharged laborer or employee at the place where said employee or laborer is usually paid, and that failure to pay upon such demand shall make the employer liable for their full time from such demand until they are paid or tendered payment.

We find this act has been construed by our courts in the following cases: Deardorf v. Hunter, 160 La. 213, 106 So. 831, 832; Altom v. Mt. Vernon Oil & Gas Co., 174 La. 775, 141 So. 457; Whitehead v. E. J. Deas Co., 9 La. App. 47, 118 So. 856; Neeley v. Magnolia Gas Co., 15 La. App. 224, 131 So. 589; Williamson v. Nat'l Benefit Life Ins. Co., 16 La. App. 451, 133 So. 515; Duke v. Ford, Bacon & Davis, 19 La. App. 27, 138 So. 675; Perryman v. Boisseau, 19 La. App. 43, 138 So. 141; Wood v. Southern Life & Health Ins. Co., 19 La. App. 214, 140 So. 115.

The consensus of these decisions is that the act is a penal statute which must be strictly construed; that it provides a harsh remedy which will not be enforced where there is a strong equitable defense. As an example of such a defense, in the Deardorf v. Hunter Case, supra, the wages were earned, payment was demanded in strict compliance with the act, upon the manager at the sawmill, and refused. The reason for the refusal was that the manager had used for other purposes the pay roll money sent him by the absent owner. The owner was unaware of this situation until large penalties had accrued and suits had been filed. The judgment of the lower court denying the penalties because of the strong equitable considerations was approvingly affirmed by the Supreme Court, which said:

"The language of the Act 150 of 1920 is not so peremptory as to forbid an equitable defense against the penalty."

In the case before us, the order, though afterward found valid, on its face appeared so suspicious that no prudent business man would pay it without investigation. The entire good faith of defendant in asking for a delay is shown by his prompt payment of Ray and by the offer to Oller of $10 on account.

Counsel for defendant and appellee complains in his brief of the amount of interest allowed in the judgment. As he neither appealed, nor answered the appeal, we can afford him no relief.

The judgment of the lower court in favor of plaintiff for the amount of the wages earned, but rejecting the demand for the penalty, is correct, and is accordingly affirmed.