**HAZEL v. ROBINSON & YOUNG et al.**
No. 5302.

Court of Appeal of Louisiana. Second Circuit.
Dec. 11, 1936.

Fink & Fink, of Monroe, for plaintiff.

Robert Layton, of Monroe, for defendants.

## TALIAFERRO, Judge.

Plaintiff, M. M. Cherry, and S. E. Recouley were employed by defendant as rough carpenters at the rate of 45 cents per hour. They worked three ten-hour days each week for a period of several months on the Sicard overpass near the city of Monroe, La. They labored on November 4, 1935, and reported back for work on the 7th, but were advised by their foreman that, as the overpass was nearly completed, it was necessary to lay off some workmen, and they were then and there in effect discharged for this reason. They immediately reported to defendant's superintendent, informed him of their foreman's orders, and demanded pay for the work of November 4th. After telling them he would investigate the matter of their discharge, the superintendent drove off in his car. They heard nothing further from him. On November 18th, bimonthly payday, they returned to defendant's office at the site of the overpass and were offered a pay envelope containing $4.50 each, which was refused. They demanded regular pay for each day intervening since their discharge, relying upon Act No. 150 of 1920, to support this position. The superintendent declined this demand. Thereafter Recouley and Cherry assigned their claims to plaintiff, Hazel, and he instituted this suit in his own behalf and as assignee of his two fellow workmen. He admits that they were employed by defendant to work for 45 cents per hour, but alleges that under the terms of the contract between defendant and the Louisiana Highway Commission, skilled carpenters, as they claim to be, were really due and entitled to be paid 75 cents per hour instead of 45 cents.

In this suit plaintiff seeks to recover $4.50 due each workman for labor on November 4th and for $7.50 each per day from November 7, 1935, until payment is made of full amount due them, as statutory penalties. He also sues to recover 30 cents additional per hour for each hour worked by the three for defendant on the Sicard overpass, a total of 2,084 hours.

Defendant denies that plaintiff and his assignors were discharged as by him alleged, but admits that they requested payment of the amount due them on November 7th, after being told by its foreman that there was no work for them to do; and, while denying that their demands were refused, avers that they were then told by the superintendent that payment would be made to them if they would return on regular bimonthly payday; and further avers that they were advised that notice would be given them when their services would again be needed; that on November 18th tender was made to all three of these claimants of $4.50, which was refused. In all other respects liability to plaintiff and the truth of his allegations are denied.

From a judgment for plaintiff for $13.50 for wages earned and for penalty of $67.50, being for 50 hours at 45 cents per hour for each claimant, defendant, and plaintiff prosecute appeals.

Plaintiff does not here contend that the judgment of the lower court is erroneous in rejecting his demand for 30 cents per hour back pay. We shall assume it to be abandoned. Anyway, this feature of the demand, the record clearly discloses, is without merit. As defendant admits, a fact the record also discloses, that plaintiff and his assignors made demand on November 7th for the amount due them for services theretofore rendered—all as required by the statute, this is also a closed question. Two questions urged by defendant remain for decision:

1. Were the workmen discharged on November 7th, within the intendment of the Act? and,

2. By not paying their earned wages when demand therefor was made, has defendant incurred the penalties of the statute?

At the beginning of this opinion we stated that these men were in effect discharged on November 7th. The testimony overwhelmingly sustains this conclusion. The carpenter work on the overpass was practically completed. Several carpenters were retained to do what little remained to be done. The foreman did not use the words "discharged" when advising these men that their services were no longer needed, but did say there was nothing further for them to do as the job was almost completed and refused to allow them to work that day. It is true that,

subsequent to November 18th and after these workmen employed counsel to enforce collection of their claims from defendant, they were notified in writing to resume work. It does not appear that such a notice was given them previously when their services were desired. It is obvious this notice was not given in good faith. At all events, it has no bearing upon the issues of the case.

Section 1 of Act No. 150 of 1920, reads:

"That it shall be the duty of every person, individual, firm or corporation employing laborers or other persons of any kind whatever when they have discharged said laborer or other employee, to within twenty-four hours after discharged pay the laborer or employee the amount due him or them under the terms of his or their employment, whether by the day, week or month, upon demand being made by the said discharged laborer or employee, upon his employer, at the place where said employee or laborers is usually paid."

Section 2 provides that any employer of labor who "shall fail or refuse to comply with the provisions" of the above-quoted section, shall be liable to the discharged laborer for his full wages from the time of such demand until such employer "shall pay or tender payment to the amount due such laborer or other employee."

We are of the opinion that the statutory penalty should be enforced in this case. This penal statute, it has been held, does not militate against the consideration of equitable defenses, but no such defense is urged here. There was no reason whatever for not paying these men the pittance of $4.50 when they demanded it. It was earned wages. They were forced to wait eleven days before their demands were even considered. They refused the tender to them because of the delay and because they were availing themselves of a right vouchsafed to them by a law of the state. We are not unmindful of the well-recognized rule that penal statutes should be strictly construed and enforced only in extreme cases. The statute was enacted to correct an evil and accomplish good. It should not be construed so as to thwart its obvious purposes.

The judgment of the lower court awards an amount as penalty equivalent to the wages these workmen would have earned had they continued to work for defendant on regular schedule until the tender was made. We think this award correct.

For the reasons herein assigned, the judgment appealed from is affirmed, with costs in both courts.