**174 So. 105**

**HAZEL v. ROBINSON & YOUNG et al.**

**No. 3422l.**

March 29, 1937.

Rehearing Denied April 26, 1937.

Fink & Fink, of Monroe, for relator.

Robert Layton, of Monroe, for respondents.

HIGGINS, Justice.

Plaintiff, a carpenter, sued his employers to recover the sum of $4.50 for wages due him and also the sum of $9 as assignee of the wages of two other carpenters, for services alleged to have been rendered on November 4, 1935; and for a like amount, as statutory penalty, under Act No. 150 of 1920, for each day from the date that the employees were discharged until the full amount is paid or tendered.

The defendants denied that the plaintiff and his assignors were discharged by them and averred that their services were temporarily dispensed with on account of lack of work, and admitted that plaintiff and his assignors requested payment of the amount due them on November 4 and 7, 1935. There was judgment in favor of the plaintiff for the sum of $13.50, representing the wages he earned and those assigned to him, and for a penalty of $67.50 for 50 hours at the rate of 45 cents per hour for each employee. Both parties appealed and the Court of Appeal affirmed the judgment of the trial judge. 171 So. 140.

Plaintiff applied to this court for a writ of certiorari, which was granted.

The sole and only issue is whether plaintiff is entitled to recover the earned wages, with penalties, under the provi-

sions of Act No. 150 of 1920, to the date of tender of the wages earned only, as held by both courts, or earned wages, with penalties, until the date both the wages and the penalties are paid or tendered plaintiff.

The answer to the question depends upon the proper interpretation of the provisions of Act No. 150 of 1920, which reads as follows:

"Section 1. Be it enacted by the General Assembly of the State of Louisiana that it shall be the duty of every person, individual, firm or corporation employing laborers or other persons of any kind whatever when they have discharged said laborer or other employee, to within twenty-four hours after discharged pay the laborer or employee the amount due him or them under the terms of his or their employment, whether by the day, week or month, upon demand being made by the said discharged laborer or employee, upon his employer, at the place where said employee or laborers is usually paid.

"Section 2. Be it further enacted, etc., that any individual, firm, person or corporation employing laborers or others in this state who shall fail or refuse to comply with the provisions of section 1. of this Act, shall be liable to the said laborer or other employee for his full wages from the time of such demand for payment by the discharged laborer or employee until the said person, firm or corporation shall pay or tender payment to the amount due such laborer or other employee."

The above statute was amended by Act No. 138 of 1936 by extending its provisions to an employee who had resigned, and allowing attorney's fees. In all other respects, the statute remains the same. It is to be further noted that the amendment would not affect this case, because the claims arose under the act of 1920.

In the case of Deardorf v. Hunter (1926) 160 La. 213, 106 So. 831, this court said:

"The language of the Act 150 of 1920 is not so peremptory as to forbid an equitable defense against the penalty."

The court refused to impose the penalty, even though the amount tendered and deposited in the registry of the court was insufficient to also pay the curator fee which had then accrued.

In the case of Whitehead v. E. J. Deas Co., Inc. (1928) 9 La.App. 47, 118 So. 856, the employer, after the suit was filed, tendered to the discharged employee the amount of his wages, which was rejected because it did not include the amount of the accrued penalty. The court held that the tender prevented additional penalties from accumulating thereafter, citing Deardorf v. Hunter, supra. This court refused to grant a writ of certiorari to review the case.

See, also, Neeley v. Magnolia Gas Co., 15 La.App. 224, 131 So. 589; Duke v. Ford, Bacon & Davis, Inc., 19 La.App. 27, 138 So. 675; Oller v. Bender (La. App.) 146 So. 780; Robinson v. St. M. L. Co., 34 Idaho, 707, 204 P. 671; and St. Louis, I. M. & S. W. Ry. Co. v. Bryant, 92 Ark. 425, 122 S.W. 996.

Whatever merit there might be in the relator's contention is no longer a matter res novo. The courts having squarely decided the issue the other way, holding that the statute should be strictly construed as it imposed a penalty.

Counsel for the plaintiff has referred us to the cases of Perryman v. Boisseau et al., 19 La.App. 43, 138 So. 141, and Godfrey v. La. Oil Ref. Corp. (La.App.) 163 So. 729. In the first case, the court allowed the penalty for an indefinite period, because the defendant had never tendered or offered to pay the plaintiff, notwithstanding repeated amicable demands. In the second case, the defendant had tendered an insufficient amount to cover the wages due and the court allowed the penalties up to the time the suit was filed, as prayed for. Those cases are not in point, because here tender was made of the amount of the wages due.

For the reasons assigned, the writ of certiorari is recalled and vacated and the rule nisi is discharged; relator to pay the costs of this court.