PONDER, Justice.
 

 In this suit the plaintiff is seeking to recover from the defendant, his former employer, the sum of $15.93, alleged to be due him for services performed on March 14, 1943 and for penalties at the rate of $15.93 per day from June 17, 1943, the date of his discharge, until paid and for attorney’s fees and costs. The defendant denies that any demand was made for the payment of the wages and avers that a tender of $10.63, the amount due the plaintiff, was made on March 24, 1944 which the plaintiff refused to accept. On trial of the case the lower court gave judgment in favor of the plaintiff in the amount of $10.63 and costs. The plaintiff has .appealed.
 

 The plaintiff was injured on March 14, 1943-after he had completed a full day’s work' for which he was not paid. It appears from the • payroll ■ records that the amount due the plaintiff was $10.63. The plaintiff was unable to work after the injury and received workmen’s compensation in the amount of $4,000 in a lump sum settlement. The plaintiff reported for work on June 17, 1943, although he testified that he was unable to súccessfully: perform his former’job as' electrician. When he was told by the foreman to perform some other work he declined and never returned to the employ of the defendant. Thereafter the plaintiff opened his own business and has operated an electrical shop until this date.
 

 The plaintiff testified that he made a demand on a Mr. Sellers at defendant’s mill for $15.93, the amount alleged to be due him, and addressed a letter to a Mr. Campodonica, who was in charge of defendant’s payroll, demanding the payment of this amount. The testimony of Mr. Sellers and Mr. Campodonica could not be obtained because Mr. Campodonica was deceased and Mr. Sellers, who had long since severed his connections with the defendant company, could not be located. The plaintiff’s attorney addressed a letter' to the defendant on November 22, 1943 demanding the payment of $15.93 and for penalties under the provisions of Act 138 of 1936. No response having been received from the defendant, a suit was filed on December 7, 1943 in the Parish of St. Tammany demanding the wages and penalty, which suit was dismissed for lack of jurisdiction. The plaintiff filed this suit on May 18, 1944 in the Parish of Orleans, the domicile of the defendant. It appears that the defendant made a tender of $10.63 to the plaintiff on March 24, 1944, prior to the filing of the present suit, which the plaintiff refused to accept.
 

 The plaintiff contends that he was due $15.93 for the work performed by him
 
 *954
 
 on Sunday, March 14, 1943 for the reason he was entitled to overtime as the work week began on Monday. The records of the defendant show that the week started on Sunday and that the defendant is entitled to only $10.63. The trial judge arrived at the conclusion that the defendant was entitled to only $10.63 and we are in no position, in view of this record, to say that he was in error.
 

 Act 138 of 1936, LSA-R.S. 23:631 provides:
 

 “It shall be the duty of every person, employing laborers or other employees-of any kind whatever when discharging any laborer or other employee, or when any such laborer or employee has resigned, within twenty-four hours after such discharge or resignation, to pay the laborer or employee the amount due under the terms of employment whether the employment is by the day, week or month, upon demand being made upon the employer by the discharged or resigned laborer or employee at the place where the employee or laborer is usually paid.”
 

 In the case of Deardorf v. Hunter, 160 La. 213, 106 So. 831, it was held that this act does not preclude equitable defenses against the penalty. In the case of Bannon v. Techeland Oil Corp., 205 La. 689, 17 So.2d 921, it was held that penalties began to run only from the date formal demand was made by registered letter although demand had previously been made by the employees. It was held in Duke v. Ford, Bacon & Davis, Inc., 19 La.App. 27, 138 So. 675 that the employer rightfully refused the payment demanded where it was more than the amount due under the employment contract and that a laborer demanding more than the amount due him does not come within the- provisions of LSA-R.S. 23:631 imposing penalties. It was pointed out in that case that the statute must be strictly construed and where there was a dispute as to the amount due and in which the defendant was found to be correct upon trial of that issue that the penalties would not be imposed. It is well established that this act invoking a penalty must be strictly construed and that it may yield to equitable defenses. Deardorf v. Hunter, supra; Hazel v. Robinson & Young, 187 La. 51, 174 So. 105; Bannon v. Techeland Oil Corporation, supra; Binnion v. M. & D. Drugs, Inc., La.App. 8 So.2d 307; Oiler v. Bender, La.App., 146 So. 780; Whitehead v. E. J. Deas Co., Inc., 9 La.App. 47, 118 So. 856; Bielstein v. Hawkins, La.App., 50 So.2d 523; Chester v. Davis, La.App., 66 So.2d 377.
 

 For the reasons assigned, the judgment is affirmed at appellant’s cost.