REGAN, Judge.
The plaintiff, Douglas S. Carr, filed this suit against the defendant, Pelican Remod-elers, Incorporated, endeavoring to recover the sum of $1,000.00, which he asserted represented unpaid wages and penalties pursuant to R.S. 23:631 and 632.
The defendant answered denying its liability to the plaintiff for $1,000.00, and asserted that the plaintiff was employed by it as an independent contractor on a commission basis. In addition thereto, the defendant averred that on February 24, 1970, it became indebted to the plaintiff in the amount of $25.00, which sum it tendered to him by depositing it in the registry of the court.
After a trial on the merits, judgment was rendered in favor of the plaintiff for the sum of $1,000.00, together with interest and 20% attorney’s fees. From that judgment the defendant has prosecuted this appeal.
The record discloses that on February 17, 1970, the plaintiff terminated his employment with the defendant as a telephone solicitor. The evidence reveals, and the defendant did not dispute the fact, that the plaintiff was employed at a salary of $60.-00 per week for a five day week, together with a commission of $2500 for each remodeling job obtained through his efforts and processed to its completion. In spite of much argument by respective counsel, the evidence produced by both the plaintiff and the defendant at the trial hereof shows that the plaintiff averaged one completed job per week and that his average salary was therefor $85.00 per week.
*222 On February 17, 1970, the plaintiff terminated his employment and demanded any money which was due to him as of that time. It was apparently agreed that he would wait until February 20, his regular pay day, to receive his wages. When he returned on February 20, he was given a check for $28.00, which he admits was full payment for all salary which was owed him up to the date that he terminated his employment.
The plaintiff contends, however, that the defendant failed to pay him for two jobs which he secured and which were completed on or before February 17. Suffice it to say that one of these jobs was never completed for the reason that the defendant’s contract was rescinded by its customer within the three day recission period permitted by the Federal Truth in Lending Act. Since the plaintiff’s own testimony establishes that his commission was not due until the completion of the job, it is clear that no amount was due to him therefor.
The commission for the other job which the plaintiff sues is one for a remodeling job performed by the defendant for one Marvin Poche in Grammercy. Louisiana. The plaintiff insists that this job was completed on February 17, 1970, and that the defendant wrongfully withheld this information. In support of his contention he filed in the record of the case, after the trial, an unsubstantiated letter from Mr. and Mrs. Poche claiming that the job was completed on that date. On the other hand, the defendant testified that the job was not completed until February 24, 1970, and in substantiation thereof it submitted a check from its financing outlet dated February 21, 1970, and a deposit slip in the same amount dated February 24, 1970. The check shows a bank stamp on its reverse side bearing the same date.
After reviewing the entire record and the evidence contained therein, it is apparent that when both the plaintiff and the representative of the defendant corporation testified that the plaintiff’s commissions were not due until the jobs he solicited were completed, both intended that the word “completion” meant the actual receipt by the defendant of payment for its services. As the representative of the defendant pointed out it would be economically unfeasible for it to pay a telephone solicitor a commission on a job before it had been “completed”. The rationale for the payment on completion agreement was not contradicted by the plaintiff, and we conclude that payment was not due on the Poche job until February 24, 1970.
The statutes upon which the plaintiff relies read:
“R.S. 23:631. Discharge or resignation of employees; payment within 24 hours after termination of employment
It shall be the duty of every person, employing laborers or other employees of any kind whatever when discharging any laborer or other employee, or when any such laborer or employee has resigned, within twenty-four hours after such discharge or resignation, to pay the laborer or employee the amount due under the terms of employment whether the employment is by the day, week or month, upon demand being made upon the employer by the discharged or resigned laborer or employee at the place where the employee or laborer is actually paid.”
“R.S. 23 :632. Liability of employer for failure to pay; attorneys’ fees
Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety day’s wages at the employee’s daily rate of pay, or else for full wages from the time the employee’s demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorneys’ fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid *223 wages whatsoever be filed by the laborer or employee after twenty-four hours shall have elapsed from time of making the first demand following discharge or resignation. As amended Acts 1964, No. 422, § 1.”
The defendant predicates his defense on two basic points. First, it contends that while the $25.00 was due the plaintiff on February 24, 1970, it is not subject to the provisions of the foregoing statute since the plaintiff made no demand for this commission. However, the record is clear, and it is conceded by both litigants, that the defendant demanded payment for his services orally on February 17, 1970, and this demand was acknowledged by payment to him of amounts owed on February 20, 1970. Moreover, it is also clear that the Poche job was in process and very near completion as of that date. In view of the plaintiff’s demand for payment of all sums due him on February 17, and the compliance with that demand on February 20, a new demand was not necessary in order to require the defendant to pay an amount which became due to him four days later.
The defendant’s second defense is predicated on the equitable principle that a penal statute such as the one sued upon is strictly construed and that penalties are not assessed when an employer deals fairly with his employee and has an honest dispute over the amount due. The defendant insists that the dispute involved the fact that the plaintiff claimed $50.00 for two commissions, whereas the defendant knew that it only owed him $25.00 because one of the jobs was never completed. However, on March 5, 1970, in response to a letter from the Louisiana State Department of Labor, the defendant flatly denied any obligation to the plaintiff, and it can hardly be said that such action constitutes a good faith dealing with the defendant’s employee. The defendant endeavors to base his good faith contention on the case of Oller v. Bender[1] in which penalties were not assessed in a situation where the employer insisted on his right to review his books before making payment, and merely retained the amount due the employee because he had left no instructions regarding a place to forward his salary. The court in that case reasoned that the employer was under no obligation, under the circumstances, to forward the check but had the right to hold the amount due at its office subject to the employee’s demand. However, in this case the defendant knew where to send the check, since he forwarded the plaintiff’s federal W-2 income tax withholding form to him at his address. If the defendant were acting in good faith, it would have forwarded the $25.00 which it “knew” was due to the plaintiff when it received notification of the plaintiff’s demand from the Louisiana Department of Labor.
We are of the opinion that the lower court was correct in awarding statutory penalties against the defendant, however, it erred in the computation of the amount thereof. R.S. 23:632 provides that such penalties shall be the lesser of ninety day’s wages or actual wages from the employee’s demand until the employer has made or tendered payment of the unpaid wages. In this case, while demand was made on February 17, 1970, the amount of wages involved did not become due until February 24, 1970, and this amount was tendered to the plaintiff by depositing it in the registry of the court on April 2, 1970. Thus, the time which elapsed between the date upon which the obligation became due and the date upon which it was tendered amounts to twenty-seven working days. Moreover, as we pointed out above, the plaintiff was employed at a wage of $85.00 per week or $17.00 per day. By multiplying the number of days by the daily wage, it is readily seen that the proper statutory penalty owed by the defendant is $459.00 rather than the $1,000.00 awarded by the lower court. Thus, the plaintiff is entitled *224 to this sum plus the original $25.00 owed him or a total of $484.00. The statute also requires that reasonable attorney’s fees be allowed as costs to the laborer in the event of recovery. The lower court awarded 20% of the recovery as attorney’s fees and we are convinced that this is a reasonable amount under the circumstances.
For the foregoing reasons the judgment of the lower court is amended by changing the amount awarded to the plaintiff from $1,000.00 to $484.00. In all other respects the judgment of the lower court is affirmed.
The costs of this appeal are to be equally divided between the litigants. All other costs incurred herein are to be paid by the defendant.
Amended and affirmed.

. La.App. 146 So. 780 (1933).