**No. 4075**

**Second Circuit**

----

**WOOD v. SOUTHERN LIFE & HEALTH INS. CO.**

----

(March 16, 1932. Opinion and Decree.)

----

Dickson & Denny, of Shreveport, attorneys for plaintiff, appellant.

Bryan E. Bush, of Shreveport, attorney for defendant, appellee.

McGREGOR, J. On or about August 5, 1930, the plaintiff entered the employ of the defendant as a solicitor and collector. On August 23, 1930, the plaintiff's salary was garnisheed in the hands of the defendant under a writ of fieri facias, in a suit styled C. M. Anthony v. H. H. Wood. When the home office of the defendant, located in Birmingham, Ala., received notice of this garnishment, a telegram was sent to its manager in Shreveport apprising him of the fact and suggesting to him that it would be better to dispense with the services of the plaintiff. This telegram was received on Monday, August 25, and on the next day when plaintiff reported for work it was called to his attention. Plaintiff never worked any more after that date. He says that he was discharged, while the manager of the defendant's office says he quit of his own volition.

On August 30, 1930, the plaintiff addressed and delivered a letter to the defendant, in which he made demand for all wages due him, stating in the letter that he had been discharged without legal notice or cause, and that his wages were being withheld in violation of law. Because of the garnishment process having been served on it, the defendant did not comply with the demands of this letter, but held all funds due in its hands.

As a consequence of this refusal, the plaintiff filed this suit on October 20, 1930, in which he set forth the fact and terms of his employment and alleged that he had been discharged without lawful cause. He alleged that the defendant was due him two full weeks' wages at the time of the alleged discharge, and that he had then worked two days of another week. He claimed relief under Act No. 150 of 1920, and asked for judgment for the sum due up to and including August 26, and at the same rate per week from that date until he should be paid in full the amount due him.

In its answer the defendant admitted the fact and terms of the employment, and then alleged that it had been made garnishee in a suit against the plaintiff, and that as a consequence it had withheld all sums due the plaintiff. It then alleged that upon the advice of plaintiff's attorneys it had paid to the plaintiff's judgment creditor all sums due on plaintiff's wages except $20 due for the week beginning August 18, and the two days of the following week. It expressed a willingness to pay for the entire week of August 25, and also admitted owing $2 in addition, which according to custom, had been deposited with it as a bond when plaintiff was employed. Defendant, therefore, made a judicial tender of and deposited in the registry of the court the sum of $42, plus $5.45, the cost of court accrued up to the time of the tender and deposit. It is denied by the defendant that it had discharged the plaintiff, but, on the contrary, it is alleged that he had quit the service of the defendant voluntarily in order not to pay the garnishing creditor any further sums on the judgment. At the trial in the district court judgment was rendered in favor of the plaintiff for the amount tendered, with costs up to the time of judicial tender, with the proviso that all costs after that time be paid by the plaintiff. From that judgment the plaintiff has appealed.

There is no dispute concerning any of the facts of the case except as to whether the plaintiff was discharged or whether he quit voluntarily. The trial judge, who saw all the witnesses and heard them testify, believed and held that the plaintiff quit of his own accord. We see nothing in the evidence which would justify us even to raise a question as to this finding. As a matter of fact, a careful reading of the testimony convinces us that it is correct. That being true, it becomes unnecessary to discuss the testimony any further, for in their brief counsel for the plaintiff argue that the sole question for determination is whether the plaintiff was "fired" or "quit." We agree with the trial judge in his finding, and therefore hold that the judgment is correct.

For these reasons the judgment appealed from is affirmed, the cost of appeal to be paid by the plaintiff.