HARDY, Judge.
This is a suit on behalf of plaintiffs, Edgar James Chester, Richard L. Bowden and Edwin Daley, who seek to recover various amounts allegedly due as unpaid wages, together with statutory penalties, from the defendant, Don Hoyt Davis, doing business under the name of Greenwood We'll Service. Plaintiffs also seek recognition of labor liens, maintenance of writs of provisional seizure, and other appropriate relief. The suit was instituted June 2, 1952, and has followed a tortuous course through both trial and appellate courts. Final judgment was rendered by the district court on April 25, 1953, which judgment maintained the writs of provisional seizure but rejected all demands of plaintiffs, and further refused defendant’s reconventional demand seeking damages for improvident seizure of certain property. From this judgment all plaintiffs have appealed. No appeal was taken nor has any answer to appeal been filed by defendant.
We have seldom encountered a more involved and complicated matter than is here presented, which is rendered even more difficult of resolution by reason of the almost complete lack of any reliable records or definite testimony on the part of all parties. To recapitulate in detail all of the points which are raised would be almost impossible and, we think, unnecessary, and for this reason we have reduced our resume of facts to a brief analysis.
Plaintiffs were oilfield workers, in the employ of defendant, engaged during parts of the months of March, April and May, 1952 in the performance of labor in connection with certain of defendant’s drilling operations on a lease or leases situated in north Caddo Parish. All were employed at a base wage of $1.50 per hour with time and a half for overtime in excess of 40 hours a week. There was no regularity as to time nor any indication as to place of payment of wages and these matters remain shrouded in mystery. Casual advances against wages were made by the defendant, and settlement, as and when the parties get around to such an item, was made • by checks which purported only to carry a statement of wages earned and a showing of deductions for advances and payment of taxes. The checks did not appear to indicate the period during which such wages were earned nor the number of hours nor rate of pay involved. Moreover it is established that not infrequently the checks were returned for insufficient funds and the employer and employees played hide-and-seek until piecemeal settlements could be effected. However, it does not appear that the employees complained too violently about these practices and it is evident that they were laboring under almost as dark and dismal uncertainties of fact as was the employer. From the evidence in the record it is shown that the employees kept .their own time and one or another on occasions made out the time slips. In at least one instance one of the plaintiffs could not testify with certainty as to his own handwriting.
In any event it is shown that at some time or times in the early part of May, 1952, these plaintiffs resolved to take action for the recovery of back wages, and various demands were made on the employer. Failing mutually satisfactory settlements, plain *379 tiffs filed liens and caused to be issued writs of provisional seizure under which a considerable amount of property of the defendant, both on and off the leases, was seized. Defendant moved to dissolve the writs and the motion was sustained as to that portion of the seized property which was not located on the lease upon which the work had been performed. From this judgment plaintiffs devolutively appealed and the appeal was answered by defendant seeking the complete dissolution of the writs as to all property seized. This court refused to consider the appeal, on the -ground that the same was an attempt to appeal from an interlocutory judgment without showing of irreparable injury, and remanded the case to the district court for further proceedings, Chester v. Davis, 61 So.2d 243.
Trial on the merits was had on June 26, 1952, and on this occasion the plaintiff, Bowden, was the only one who appeared in person to press his claims. After trial there was judgment rejecting plaintiff’s demands, but a rehearing was granted and final judgment rendered reversing the previous interlocutory judgment of the court with respect to a partial dissolution of the writ of provisional seizure, and finally rendered as first above noted in this opinion.
We think it is possible first to summarily dispose of the claims of the plaintiffs Chester and Daley. As we have observed neither of these plaintiffs appeared on trial and although an effort was made to establish their demands, such effort fails in view of the uncontroverted testimony of defendant to the effect that he had made a settlement with these individuals which had been accepted by them. Perforce this discharges defendant from further obligation with respect to the asserted demands of these particular plaintiffs, and, to this extent, the judgment must be affirmed.
The plaintiff, Bowden, first contends that shortly after his initial employment he was elevated from the status of a roughneck to that of driller and that by agreement his rate of pay was increased from $1.50 to $2.15 per hour. We think plaintiff completely failed to support this claim. His testimony as to the fact alleged is stoutly denied by defendant, and, in addition, we think it is significant that plaintiff over a period of weeks accepted settlement of wages on the established base rate of $1.50 per hour, apparently without any real insistence upon his claim to a higher rate.
Further, however, the plaintiff, Bowden, asserts that he is due a substantial amount on the basis of overtime pay which he has not received and upon the recovery of which he now insists. Additionally plaintiff claims the statutory penalties of LSA-R.S. 23:631, 23:632.
Notwithstanding the vagueness of plaintiff’s testimony, we think he has succeeded in -establishing the failure of defendant to make payment in full of wages due for regular time and overtime. This conclusion is substantiated by numerous work sheets which were furnished by defendant and apparently constituted a part of his somewhat sketchy records covering daily hours worked 'by this plaintiff on dates set forth between March 20, 1952 and May 1952, both inclusive. We have computed and recomputed the weekly hours worked on the base rate of $1.50 for 40 hours and $2.25 for overtime. The fact that the result of our involved computations does not accord with those asserted by counsel for plaintiff in brief before this court does not disturb us in view of the fact that there is a considerable difference between the claims of plaintiff himself and the two attorneys who have successively represented him. In any event, our figures evidence the fact that, over the period of time noted, plaintiff earned a total of $689.25 and was actually paid $569.25, leaving a balance due of $120, to which he appears to be clearly entitled.
Proceeding to a consideration of plaintiff’s claims to statutory penalties, we first observe that the statutory provisions above cited have uniformly -been held, in a long line of decisions, to be coercive or penal in nature, therefore to be strictly construed and yielding in interpretation and application to equitable defenses, Bielstein v. Hawkins, 50 So.2d 523; Oller v. Bender, 146 So. 780, and the numerous cases cited therein.
The settlement and payment required are enforced by the statute and pre *380 dicated upon the resignation or discharge of the employee. We have been unable to find a single evidential fact in this record which would indicate that this plaintiff either resigned or was discharged. As best we can determine the last day he worked was May 1, 1952. He was not paid until May 5, 1952, and then by a “hot” check which was evidently made good on May 20, 1952. Plaintiff repeatedly testified that defendant had asked him to “return” to work, but that he had refused until, as he expressed it, he received his “back pay”.
The statute further specifically requires that the demand be made upon the employee “at the place where the employee or laborer is usually paid.” We have had occasion above to observe that neither the time nor the place of payment is indicated by any testimony in the record. Nor does it appear to our satisfaction that plaintiff himself has ever made any real demand upon his employer. One demand was made by his attorney by registered letter under date of May 21st, which, however, was directed to the defendant, apparently at his residence in the City of Shreveport, and without any showing that this was the customary, usual and regular place of payment of wages. A subsequent demand was made by plaintiff’s present counsel which was directed to1 defendant’s attorney. We do not think these demands comply with the specified requirements of the statute and under the rule of strict construction they must be deemed insufficient.
We are further strengthened in this conclusion by consideration of the fact that plaintiff has several times obviously acquiesced in the several irregularities in connection with payment of his wages, and indeed, may have been said to have been a willing party to the establishment and acceptance of the practices of which he now complains. As an equitable consideration we think these actions must be construed against plaintiff’s contentions.
Finally we come to the matter of the maintenance of the writ of provisional seizure and the recognition of the lien of plaintiff, Bowden. As we have pointed out defendant has not appealed from the judgment nor answered plaintiff’s appeal, and we therefore consider that the judgment maintaining the writ has passed out of consideration.
Plaintiff is entitled to recovery of reasonable attorney’s fees in connection with the prepáration and filing of his lien, which we think were satisfactorily established in the amount of $25. Additionally he is entitled to such costs as may have been involved. '
For the reasons assigned the judgment appealed from, insofar as it affects the claims of the plaintiffs, Edgar James Chester and Edwin Daley, is affirmed at the cost of said plaintiffs. But as to the plaintiff, Richard L. Bowden, the judgment is reversed and set aside and there is now judgment in favor of said plaintiff and- against the defendant, Don Hoyt Davis, in the sum of $120 with interest at the legal rate from date of judicial demand until paid; for the further sum of $25 as attorney’s fees; for the cost of filing lien, and for all other costs of both courts.